# BROADWELL *v.* LONG.*

RULES OF THE PATENT OFFICE; PATENTS; INTERFERENCE; DILIGENCE; MASTER AND SERVANT.

1. All rules of the Patent Office which are authorized by law have the force of law, and control procedure in that office.

2. Under rule 122 of the Patent Office, parties to an interference who would question the right of an adversary to make the claims of the issue are required, if possible, to file their motion to dissolve not later than the thirtieth day after the statements of the parties have been received and approved. The rule further provides that such a motion be accompanied by a motion to transmit the question to the primary examiner for initial determination. Rule 130 permits a party to allege the nonpatentability of the claims of his opponent at final hearing before the examiner of interferences, and upon, appeals from his decision only in the event that such party has complied with the provisions of rule 122, "or shown good reason why such a motion was not presented and prosecuted." These rules are reasonable and within the authority conferred upon the Commissioner.

3. The determination of whether good reason exists for the failure of a party to an interference to file a motion to dissolve, as required by rules 122 and 130 of the Patent Office, rests largely in the discretion of the tribunals of the Patent Office; and unless there has been a gross abuse of such discretion, this court will not interfere.

4. Conceding, *arguendo*, that ill health of counsel might, in some circumstances, excuse delay in filing a motion to dissolve an interference, counsel who are able to participate in the taking of testimony are not so incapacitated as to be excused for such lack of diligence.

5. The suggestion made by an employee who, as a part of his duties, made and tested a tire tool devised by his employer, that a roller be placed in the device to reduce the friction, *held* to be a change

---

*Patents; Master and Servant.*—For cases on the subject of the rights of employers and employees in respect to patents, see note to *Barber v. National Carbon Co.* 5 L.R.A. (N.S.) 1177; as to the right of master to inventions of servant, note to *Pressed Steel Car Co. v. Hansen,* 2 L.R.A. (N.S.) 1173.

within the skill of the mechanic, and that it should inure to the benefit of the employer.

No. 662. Patent Appeals. Submitted January 9, 1911. Decided February 6, 1911.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. John M. Coit* for the appellant.

*Messrs. Church & Rice* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents in an interference proceeding in which priority of invention was awarded Adam A. Long, the senior party.

The invention relates to an implement for removing clincher tires from the rims of automobile wheels, and is expressed in nine counts. The 1st, 5th, and 9th sufficiently disclose the invention, and are as follows:

"(1) In a device of the character described, an arm adapted to be inserted between the tire and the rim of the wheel, and to react on the rim, and a support adapted to hold such arm at an operative angle with the plane of the wheel, with one end engaging between the rim and the tire, and the other end extending in a direction oblique to the axis of the wheel, and effectively in a plane radial thereto."

"(5) A tire tool comprising an arm engaging the rim of the wheel, and revolubly supported thereon a roller adapted to be held by such arm at an operative angle with the plane of the wheel, to form a rolling incline engaging between the tire and the rim, and extending within the outside of the tire-engaging edge of the flange of the rim, to support and force the inner edge of the tire over the flange of the rim, and means for ad-

vancing such roller relatively to and around the rim of the wheel."

"(9) A tire tool comprising an arm and revolubly supported thereon a roller adapted to be held by such arm at an operative angle with the plane of the wheel, to form a rolling incline engaging between the tire and the rim, and extending within and outside of the tire-engaging edge of the flange of the rim, to support and force the inner edge of the tire over the flange of the rim, and a guard rotatable independently of the roller at the inner end of the roller formed to present a smooth and rounded surface to the inner tube, and projecting over the roller."

William C. Broadwell's application was filed November 21st, 1906, and a patent inadvertently issued thereon August 13th, 1907. Long's application was filed July 26th, 1906. This interference was declared January 28th, 1908, and the preliminary statements were filed in February, 1908. The sole issue raised by the respective parties was that of priority. Testimony was taken upon that issue. After all the testimony had been taken, Broadwell, on October 22nd, 1908, filed a motion, first, to dissolve the interference; second, that the Examiner of Interferences transmit the case to the Primary Examiner for determination of the question of Long's right to make the claims; third, for leave to take testimony to establish the inoperativeness of the Long device; and, fourth, for the suspension of proceedings pending the determination of the new issue thus sought to be raised. In support of this motion, affidavits were filed, but it is necessary for us here to consider only the affidavit of counsel in which are stated the reasons why the motion for dissolution was not made within the thirty days prescribed by rule 122 of the Rules of Practice of the Patent Office. In that affidavit, Mr. Cooley states "that he prosecuted the application of the party Broadwell for his United States patent involved in this interference; that the entire management and handling of the case has theretofore been in his hands; that for several months past he has been physically incapacitated from giving to this case and other business in his hands proper at-

tention on account of a condition necessitating treatment at the hospital, which he has been postponing at considerable risk for some time in order to dispose of as much as possible the business in hand; that it is only within the past few weeks that his condition has so far improved that he hopes now to be able to postpone the necessary treatment at the hospital until the conclusion of this case; that such improved condition has afforded the first opportunity he has had to properly consider and attend to this case, and to make the accompanying motions to dissolve this interference, to transmit the case to the Primary Examiner, for permission to take testimony to determine the right of the party Long to make the claims involved in this issue, and for a stay of proceedings pending the determination of the right of the party Long to make such claims."

Upon the consideration of the above motion it was denied by the Examiner of Interferences, who stated his reasons as follows:

"Motions for dissolution are not transmitted to the Primary Examiner after the expiration of the thirty days allowed by rule 122 for filing such motions, except upon a showing that the motion could not have been filed within that time or at any other time prior to the actual filing thereof. The showing offered in this case fails to establish that such was the fact here. Granting that the attorney could not have earlier appeared in person in Washington to argue the motion, the motion should have been nevertheless brought, with the assistance of another attorney, or by briefs. Personal attendance is not essential to consideration in this office.

"Testimony upon the question of operativeness and right to make the claims should have been taken by Broadwell, if at all, in connection with the testimony which he has already taken in this interference, within the time allowed for the production of Broadwell's evidence.

"No good reason appears why suspension should be granted. Parties should not be permitted to arbitrarily postpone final hearing, after all the testimony is taken, merely by filing a motion for dissolution.

"It is considered that to grant the present motion in any of its particulars would impose unjustifiable hardship upon the party Long. Orderly procedure must be maintained in this office, as in the courts. When parties fail, without good reason, to take the actions permitted by the rules, they must ordinarily be held to have waived their rights in the respect concerned." An appeal was taken to the Commissioner, who affirmed the decision, saying: "It is well settled that motions to dissolve, brought after the expiration of the thirty days allowed for that purpose, will be transmitted only when accompanied by a good and sufficient showing why they were not brought within that time. The showing in this case is clearly insufficient. The question of the inoperativeness of the Long device, or of Long's right to make the claims, could have been considered within the thirty days after the approval of the preliminary statements, and the only excuse given for the failure to bring a motion at that time is, as appears from the affidavit of the attorney, that his health had been such that it was impossible for him earlier to properly consider and attend to the case, and make the motions to dissolve the interference. This general statement is clearly insufficient to excuse the delay, especially as it appears from the record that the attorney was present at the taking of testimony both on behalf of Broadwell and Long. Furthermore, Broadwell had an opportunity to attack the inoperativeness of the Long device at the time he took his testimony in chief, and no sufficient reason is given why, if it were desired to take testimony on that point, it was not taken at that time."

The case subsequently proceeded to a hearing upon the merits, and the Examiner of Interferences, in a well-considered opinion, awarded priority of invention to Long. An appeal was taken to the Examiners in Chief, whose decision was to the effect that Long's application does not disclose the invention, and hence that he had no right to make the claims. Upon appeal to the Commissioner, this decision was reversed, and priority of invention was awarded to Long.

It is here insisted on behalf of Long that the question of

his right to make the claims of the issue is not before this court. on the other hand, Broadwell insists that it is; and most of his argument is directed to that question. It is perhaps unnecessary to state what has been repeated many times, that all rules of the Patent Office which are authorized by law have the force of law, and control procedure in that office. Under rule 122 (to which reference has been made), parties to an interference who would question the right of an adversary to make the claims of the issue are required, if possible, to file their motion to dissolve not later than the thirtieth day after the statements of the parties have been received and approved. The rule further provides that such a motion be accompanied by a motion to transmit the question to the Primary Examiner for initial determination. Rule 130 permits a party to allege the nonpatentability of the claim of his opponent at final hearing before the Examiner of Interferences, and upon appeals from his decision only in the event that such party has complied with the provisions of rule 122, "or shows good reason why such a motion was not presented and prosecuted." These rules are clearly reasonable and within the authority conferred upon the Commissioner. Indeed, their validity is not questioned.

As previously stated, Broadwell did not file his motion for the dissolution of the interference until after the testimony in the case had been taken. In other words, he then attempted to raise a new issue, which the rules of the Patent Office very properly say cannot be done unless good reasons are assigned for the delay. The determination of the question whether or not such reasons exist in a given case rests largely in the discretion of the tribunals of the Patent Office; and unless there has been a gross abuse of such discretion, this court will not interfere. This is a familiar principle. The Commissioner has ruled, and we think properly, that the reasons assigned for the delay were not sufficient to warrant the reopening of the case. Conceding, *arguendo,* that ill health of counsel might, in some circumstances, excuse delay in filing such a motion, it is clear that counsel who are able to participate in the tak-

ing of testimony are not so incapacitated as to be excused for such lack of diligence.

We conclude, therefore, on this branch of the case, that Broadwell is here estopped to question Long's right to make these claims.

The one remaining question is that of priority. The testimony upon that question has been carefully reviewed in the decision of the Examiner of Interferences whose conclusion was accepted by the Commissioner, who, in the course of his opinion, said: "The question of priority of invention remains for consideration. The testimony upon this question has been analyzed in detail by the Examiner of Interferences. It has been carefully reviewed on this appeal, and the conclusion reached by the Examiner of Interferences that Long should prevail by reason of his earlier record date, his position as employer, and the insufficiency of the proof offered by Broadwell, is believed to be right.

"Broadwell was employed in Long's shop, and as a part of his duties made and tested a tire tool devised by the latter. In view of this relation of the parties, the question of whether Long or Broadwell first suggested placing the roller in the Long device, concerning which the testimony is conflicting, is believed to be immaterial. Even if the suggestion of the roller to reduce the friction in Long's device first came from Broadwell, it was a change within the skill of the mechanic, and should inure to the benefit of the employer."

An examination of the record convinces us of the correctness of this conclusion, and we therefore adopt it without further elaboration.

The decision of the Commissioner is affirmed, and the clerk will certify this opinion as by law required.        *Affirmed.*