33 C.C.P.A.(Patents)

**LAND v. DREYER.**

**Patent Appeal No. 5073.**

Court of Customs and Patent Appeals.
April 1, 1946.

Rehearing Denied June 7, 1946.

Donald L. Brown, of Cambridge, Mass. (Nathaniel R. French, of Cambridge, Mass., of counsel), for appellant.

Richard K. Stevens, of Washington, D. C. (Truman S. Safford and Blair, Curtis & Hayward, all of New York City, of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

The junior party, Land, appeals here from the decision of the Board of Interference Examiners of the United States Patent Office awarding to the senior party, Dreyer, priority of invention for an incandescent lamp having a coating of light polarizing material and a filament light source enclosed within a non-planar envelope.

Dreyer filed his application July 2, 1938; Land on October 4, 1938. Land was granted a patent August 12, 1941. This interference was declared December 30, 1941, between the foregoing patent to Land, No. 2,252,324, and Dreyer's pending application, Serial No. 217,249.

The invention is designed generally to provide polarized illumination for eliminating the glare from automobile headlights as well as reading or display lamps. The subject matter of the interference is more specifically described in four counts taken from the patent to Land of which Count 1 is illustrative—

"1. An incandescent lamp comprising, in combination, a filament light source, an envelope therefor a portion at least of which is transparent, at least a portion of said envelope being non-planar, said envelope substantially encompassing said source, a non-planar portion at least of said envelope being coated with a material which polarizes transmitted light, said

coating being affixed to and positioned on said envelope to intercept light beams emanating from said source."

Count 2 calls for a structure in which the polarizing material is on the transparent portion of the envelope and Counts 3 and 4 call for a structure in which the coating is on the outer surface of the transparent portion of the envelope.

Appellant took testimony and appellee having taken no testimony on the question of priority of invention, is therefore restricted to his filing date for conception and reduction to practice. However, appellee filed a notice under Rule 154(e) of the Rules of Practice in the United States Patent Office, 35 U.S.C.A. Appendix, the effect of which is hereinafter noted and discussed.

It was incumbent upon appellant, being the junior party, to prove by a preponderance of evidence that he was first to conceive the invention defined by the counts and first to reduce it to actual practice prior to the date upon which appellee filed his application; or that appellant was first to conceive and was actively engaged in reducing his invention to practice at and immediately prior to the time appellee filed his application and entered the field, and that appellant ceontinued such activity to the time of his own filing date.

In his appeal here, to quote from appellant's brief, "Land made forty-one specific assignments of error * * *. The ultimate error to which he objects is the award of priority to Dreyer and in connection therewith the failure of the Board to accept as sufficient Land's proofs of conception and reduction to practice."

Two of the alleged errors which appellant assigns here are that the board erred in holding that Land had failed to comply with the requirements of Rule 130 entitling him to raise at final hearing and in refusing then to consider the question of Dreyer's right to make the counts; and that the board erred in holding Land's rebuttal testimony was not proper rebuttal and for that reason in granting Dreyer's motion to strike it out.

Inasmuch as the proceedings and events herein disclosed may have a direct bearing on the final issue involved, they are necessarily here set forth so far as pertinent.

The first of the two issues presented resolves itself into the question of whether the action of the Examiner of Interferences in dismissing appellant's motion to dissolve as indefinite is subject to review and disposal at the final hearing before the Board of Interference Examiners; and the second is whether appellant, the junior party, may take rebuttal testimony as to his own diligence when the testimony of appellee, the senior party, is restricted to a rebuttal of the evidence submitted as to such diligence on the part of the junior party.

On August 13, 1942, appellant moved to dissolve the interference on the specific grounds that appellee's disclosure not only is inadequate to support the counts in issue but also that such disclosure is inoperative.

On August 24, 1942, the Examiner of Interferences dismissed appellant's motion to dissolve on the ground that the motion papers did not clearly and unequivocally point out which elements of the counts are not supported by Dreyer's disclosure and wherein it is apparent from Dreyer's disclosure that it is inoperative.

Appellant promptly moved for reconsideration of the decision dismissing his motion to dissolve as indefinite, whereupon the Examiner of Interferences on September 15, 1942, rendered a further decision explaining his ruling and adhering to his original conclusion.

Thereafter during the motion period no action was taken by appellant on the decision of the Examiner of Interferences either by motion or petition to the Commissioner of Patents. At the final hearing, however, appellant renewed his motion to dissolve on the ground that appellee had no right to make the counts.

In support of his position before the board, appellant urged that the original decisions of the Examiner of Interferences dismissing his motions to dissolve were both erroneous. Appellant also urged that the "requirement of Rule 130 is clearly predicated upon the doctrine of notice, and is designed to protect a party from being surprised at final hearing by an attack upon his right to make a count," and "that the question of Dreyer's right to make the counts was fairly extensively developed in the various additional papers which have been filed in connection with Land's motion."

Without commenting on but without questioning the accuracy of the holding of the Board of Interference Examiners that "the additional papers which were filed af-

ter the close of the motion period do not serve to correct the defects" in appellant's original motion to dissolve, it is clearly apparent that appellant has here misconceived not only the requirements but also the significance of the Rules of Practice applicable to the case at bar.

■■ These rules were established and explicitly promulgated by the Commissioner of Patents for the purpose of facilitating the prompt and orderly disposition of the issues of an interference proceeding. Furthermore, the Rules of Practice in the Patent Office, when not inconsistent with the statutes from which they are derived, have the force of law and control the procedure in that office. In re Terres et al., 150 F.2d 711, 32 C.C.P.A., Patents, 965, Broadwell v. Long, 36 App.D.C. 418.

The validity of such rules is not here questioned. So far as pertinent, they read—

"122. Motions to dissolve an interference * * * denying the patentability of an applicant's claim, or * * * denying his right to make the claim, * * * should contain a full statement of the grounds relied upon and should, if possible, be made within the time fixed by the examiner of interferences, not less than thirty days, after the statements of the parties have been received and approved. Such motions and all motions of a similar character, if in the opinion of the examiner of interferences they be in proper form, will be heard and determined by the primary examiner, * * *. If in the opinion of the examiner of interferences the motion be not in proper form, or if it be not brought within the time specified and no satisfactory reason be given for the delay, it will not be considered and the parties will be so notified."

"130. Where the patentability of a claim to an opponent is material to the right of a party to a patent, said party may urge the nonpatentability of the claim to his opponent as a basis for the decision upon priority of invention. A party shall not be entitled to raise this question, however, unless he has duly presented and prosecuted a motion under rule 122 for dissolution upon this ground or shows good reason why such a motion was not presented and prosecuted. * * *"

It will be noted that appellant accepted the dismissal of his motion by the Examiner of Interferences and proceeded to take testimony without first presenting the point raised by his motion and then prosecuting that question to a final determination before the proper tribunal.

■ At that time appellant might have availed himself of his right to petition the Commissioner of Patents to reverse the ruling of the Examiner of Interferences as disclosed in the procedure of the case cited by the Examiner of Interferences on appellant's original motions to dissolve. See Burleigh v. Elliot, 197 O.G. 240, 1913 C.D. 244. Furthermore, appellant could have filed an amended motion in proper form and have had it set for hearing before the Primary Examiner.

■ Having failed to take either action to force a dissolution of the interference during the motion period, and not having shown good reason or any reason why such motion was not presented and prosecuted at the proper time, appellant cannot raise the question after the testimony has been completed and have the issue of patentability reviewed at the final hearing before the Board of Interference Examiners. See Broadwell v. Long, supra.

On December 1, 1942, the period for taking testimony in chief by appellant expired.

Thereafter, on January 9, appellee gave notice in accordance with the provisions of Rule 154(e) that he would rely at the final hearing on twenty-nine patents and applications filed by appellant, to show that appellant's "activity on the invention at issue was dilatory and thereby to rebut any claim to diligence which the party Land may attempt to base upon his proofs." The Examiner of Interferences held that cognizance of the twenty-nine items set forth in appellee's notice might be taken at final hearing, and fixed the date for rebuttal testimony of Land to close on January 28 and for final hearing for April 13.

On January 23, 1943, appellee moved to quash appellant's notice of taking rebuttal testimony and to exclude such testimony on the ground that appellant had no right to take rebuttal testimony, which motion was dismissed without prejudice to its renewal at the final hearing "if circumstances then so warrant."

■ It is not disputed that the senior party in an interference proceeding can introduce evidence to rebut the factual evi-

dence of diligence developed by the junior party relative to the question of his reduction to practice during the critical period. Before that question can have any bearing upon the final issue, however, the junior party must establish that he conceived the invention defined in the counts of the interference.

Appellee does not question in his brief that as early as 1929 the junior party, Land, had the idea that it would be desirable to apply a polarizing material directly onto an incandescent lamp and that that idea remained in or recurred to his mind off and on during the next ten years; nor does he question that the lamp appellant had in mind had a filament light source encompassed within a non-planar envelope or that he visualized a coating of a polarizer on the non-planar surface.

The party claiming conception of an invention must show that it was complete and operative and such as would enable a person skilled in the art to reduce the conception to practice without any further research or exercise of the inventive skill. It is not sufficient, therefore, to show that a party claiming an invention has conceived a result to be obtained; the patentable thing is the means provided and disclosed by him to accomplish that result. See Townsend v. Smith, 36 F.2d 292, 17 C.C.P.A., Patents, 647; Rowe v. Holtz, ·55 F.2d 468, 19 C.C.P.A., Patents, 970, and authorities therein cited; Curtis et al. v. Land, 129 F.2d 549, 29 C.C.P.A., Patents, 1118.

It is noted that the invention defined in the counts in issue calls for the use of a material which polarizes light by the transmission thereof, or of a light polarizing material. Counts 1, 2, and 3 require that at least a portion of the envelope be transparent and Count 4 requires that the entire envelope be transparent. The limitation in the respective Counts 2, 3, and 4 provides that the transparent portion be coated with the light-polarizing material.

Although appellant alleges here that his invention is but a simple mechanical improvement involving merely the direct application of the polarizing sheet material to the non-planar or spherically curved surface of an incandescent lamp, the record fails to disclose that his conception of the invention here in issue included the kind of polarizing material that was necessary to solve the problem with which he was confronted.

We have given careful consideration to all of the evidence presented by appellant and are of opinion that he has failed to establish conception of the invention defined by the counts in issue prior to the filing date of appellee. Accordingly, appellant's diligence is not an issue to be considered in the case, and the question of the striking out by the Board of Interference Examiners of the rebuttal evidence introduced by appellant to establish diligence is not of importance in deciding the issue of priority here presented.

In reviewing the testimony submitted by appellant it is noted that importance is placed upon the oral but unconvincing testimony of witnesses who relied upon their memories as to critical tests which were conducted by them in years gone by. Appellant by the contention here of his own counsel is an expert in his particular art and has been engaged for many years with a staff of expert associates in the production of inventive polarization. There are more than twenty patented applications in the record of this case which alone evince his knowledge and success in the art, but he produced no records that were helpful in the way of documentary evidence. See MacGregor v. Johnston, 71 F.2d 165, 21 C.C.P.A., Patents, 1216.

Appellant asks the court here to take judicial notice of the fact that automobile headlight bulbs are necessarily of clear .or transparent glass. That is a critical issue upon which appellant had the burden of proof and upon which this court cannot base a finding of fact without supporting evidence. There is none in the record to establish it.

The Board of Interference Examiners concluded after consideration of all of appellant's evidence that he had failed to prove conception or reduction to practice prior to appellee's filing date and therefore the appellee, Dreyer, was entitled to the award of priority.

In reaching that conclusion the board carefully reviewed and analyzed in detail the testimony of the respective witnesses and the exhibits submitted. The same procedure has been carefully followed here with the result that this court is convinced of the correctness of the conclusion reached by the Board of Interfer-

ence Examiners and therefore affirms it without further and unnecessary discussion of the numerous subordinate aspects of the case presented by appellant.

Subsequent to the filing of the record in this court appellee filed a motion suggesting a diminution of the record by the addition thereto of certain parts of the record filed in the Patent Office. The motion was granted subject to an order of the court that the costs of printing the additional matter requested by appellee should be taxed on final decision. We are of opinion that the additional matter so certified to the court was reasonably necessary to a proper decision of the issues in this case in connection with the subject matter relating to appellant's alleged inoperativeness of appellee's disclosure.

In view of our conclusion in the case at bar, it is not necessary to pass upon the subject matter relating to appellee's "Rebuttal Evidence." As to that matter, however, the additional parts of the record so certified to the court might have become necessary to a proper decision of issues in this case. Under the facts thus presented, the costs of printing the additional matter requested by appellee will be taxed against appellant.

For the reasons stated, appellee is entitled to the award of priority in this case and the decision of the Board of Interference Examiners is accordingly affirmed.

Affirmed.