Jan PESKA, Milan Benes, and Jiri Stamberg, Appellants,

v.

Masato SATOMURA, Appellee.

Appeal No. 79–513.

United States Court of Customs and Patent Appeals.

May 17, 1979.

Rehearing Denied Aug. 16, 1979.

Murray Schaffer, attorney of record, New York City, for appellants.

Louis Gubinsky, Washington, D.C. (Sughrue, Rothwell, Mion, Zinn & Macpeak, Washington, D.C.), attorney of record, for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN, and MILLER, Judges, and NICHOLS,[*] Judge.

MILLER, Judge.

This appeal is from an award of priority, by the Patent and Trademark Office ("PTO") Board of Patent Interferences ("board"), of invention of the counts in issue (counts 2–7) to the senior party, Satomura. We vacate the award of priority and remand the case for further proceedings.

## Subject Matter of the Counts

Count 7 is illustrative of the invention:

7. A polymer of polymerizable hydroxyalkylmethacrylate sulfo esters characterized by monomer units of the formula

$$-CH_2-\overset{\displaystyle CH_3}{\underset{\displaystyle CO-(-O-CH_2-CH_2)\,n-O-SO_2-R}{C}}$$

wherein n is an integer equal to 1 or 2 and R is selected from the group consisting of $C_6H_5-$, $CH_3C_6H_4-$ and $CH_3-$.

## Background

In order to provoke an interference, Satomura, in his application,[1] copied claims from the Peska et al. ("Peska") patent,[2] and an interference was declared with the counts differing slightly from the claims of the patent. Peska was declared the junior party, and Satomura the senior party, based on their U.S. filing dates. During the motion period Peska moved,

---

[*] The Honorable Philip Nichols, Jr., Judge, United States Court of Claims, sitting by designation.

1. Serial No. 407,034, filed October 16, 1973, entitled "Functional Polymer and Image-Forming Method Therewith."

2. U.S. patent No. 3,959,236, issued May 25, 1976, entitled "Polymers and Copolymers of Hydroxyalkyl Methacrylate Sulfo Esters and the Method for their Manufacture."

under 37 CFR 1.231(a)(4),[3] for benefit of the date of his earlier Czechoslovakian application[4] and to shift the burden of proof. Satomura moved for benefit of the date of his earlier Japanese application,[5] to substitute counts, and to strike Peska's motion for failure to comply with 37 CFR 1.231(b).[6] Although the motion period (which had been extended) had expired, Peska sought to provide "reasoning" in support of the assertion (in his motion for benefit) that his priority document supported his patent with respect to the interfering subject matter. This was included in a reply to Satomura's motion to strike. The interference examiner agreed that Peska had failed to comply with the cited regulation's requirement for "reasoning" in support of his motion and, in refusing to transmit Peska's motion for benefit to the primary examiner, declared the motion "dismissed." He added that the "reasoning" had been "belatedly filed" and that this was the basis for the dismissal, and he noted that Peska had made no attempt to satisfy the "sufficient cause" requirement of 37 CFR 1.245 "by way of a detailed factual showing excusing the belatedness." The primary examiner denied Satomura's motion for benefit, finding that his Japanese application did not support the counts in issue. The primary examiner also denied Satomura's motion to substitute counts, but then, sua sponte, substituted count 7 for count 1. (The primary examiner said that the p–$CH_3C_6H_4$ in count 1 was replaced by $CH_3C_6H_4$ in count 7 in order to enable each party to submit its best proofs.) In response to the substitution of count 7 for count 1, Peska again moved for benefit of the date of his Czech application, and to shift the burden of proof, arguing that substitution of the count by the primary examiner raised a new issue and warranted an extension of the motion period.[7] The patent interference examiner agreed to transmit Peska's motion for consideration by the examiner "insofar as it requests the benefit of the Czech application," even though the motion period had expired. Satomura petitioned the Commissioner to overturn this action. The Chairman of the Board of Interferences, acting on behalf of the Commissioner, concluded that the patent interference examiner erred in deciding to transmit Peska's motion to the primary examiner, because the substitution of the count did not raise a new issue, and granted Satomura's petition. The interference was then redeclared with count 7 replacing count 1. The interference examiner next issued an order to show cause against Peska. This order stated that, since Peska, in his preliminary statement, had relied solely on his foreign filing date and had not been accorded benefit thereof, he had not overcome the filing date of the senior party and that judgment would be entered against him unless good and sufficient cause was shown why such action should not be taken. In response, Peska argued that his Czech filing date overcame Satomura's filing date; he gave reasons in support and requested a hearing by the full board on this issue.

The board held that, since the Commissioner's delegate had ruled that Peska's second motion for benefit was not properly transmissible to the primary examiner for consideration, it was without authority to act, citing 37 CFR 1.258.[8] Also, the board

---

3. 37 CFR 1.231(a)(4) provides, in pertinent part:

   (a) Within the period set in the notice of interference for filing motions any party to an interference may file a motion seeking:

   .  .  .  .  .

   (4) To be accorded the benefit of an earlier application  .  .  ..

4. Application No. PV5754–73, filed August 15, 1973.

5. Application No. 103550/72, filed October 18, 1972.

6. 37 CFR 1.231(b) provides, in pertinent part:
   Each motion must contain a full statement of the grounds therefor and reasoning in support thereof.

7. Peska stated that there was no objection to the substitution of count 7 for count 1.

8. 37 CFR 1.258(b) reads as follows:

found that no reason had been presented by Peska for setting the case down for final hearing pursuant to 37 CFR 1.225.[9] Therefore, Peska not having overcome the filing date of the senior party, Satomura, priority of invention of the subject matter in issue was awarded to Satomura in accordance with the interference examiner's show cause order.

## OPINION

The dispositive issue is whether the board erred in refusing to set the case down for final hearing pursuant to 37 CFR 1.225 and in entering judgment against Peska pursuant to the interference examiner's show cause order.[10]

Under 37 CFR 1.258(b), the issue of whether a party should be accorded benefit of a prior application will not be heard at final hearing unless it was earlier the subject of a motion under 37 CFR 1.231(a)(4).

> At final hearing a party shall not be entitled to urge consideration of a matter relating to the benefit of an earlier application of his own or of another party unless he has presented such matter in connection with a motion under § 1.231(a)(4), or shows good reason why it was not so presented.

**9.** 37 CFR 1.225 reads as follows:
> (a) If a junior party to an interference fails to file a preliminary statement, or if his statement fails to overcome the effective filing date of the application of another party, judgment on the record will be entered against such junior party unless he has filed a proper motion under § 1.231, within the time set for such motions, seeking some action in the interference. If such motion has been timely filed but does not result in action in the interference which removes the basis for a judgment on the record, such judgment will be entered unless the motion related to a matter which may be reviewed at final hearing under § 1.258, and within 30 days of the decision denying his motion, or a later time set by the patent interference examiner, the junior party concerned requests that final hearing be set to review such matter. Also, such a junior party may within such 30 day period, or time set, request a final hearing to review such a matter raised by his opposition to a motion under § 1.231(a)(2), (3), (4), or (5) which was granted over his opposition. (b) Such a junior party will not be permitted to take testimony except on granting of a motion accompanied by a showing of good cause, which should normally include names

The method of preserving the right to a final hearing on such an issue is provided by 37 CFR 1.225, which permits an issue that was previously the subject of a "proper motion" under 37 CFR 1.231 to be reviewed at final hearing.[11] The interference examiner, in refusing to transmit Peska's motion for benefit to the primary examiner, essentially made a determination that the motion was not a "proper motion" because Peska failed to provide the "grounds" and "reasoning" required by 37 CFR 1.231(b). Peska argues that his motion was proper since he was required to give no more "reasoning" in support of the motion than the statement that "[t]his foreign application describes and claims the invention covered by the counts in issue." Although under a different factual situation such a statement might well not be sufficient, in this case a side-by-side comparison shows that Peska's Czech disclosure is practically identical to

> of proposed witnesses and affidavits or declarations by them giving their expected testimony.

**10.** Although Peska objects to several procedural decisions in the PTO such as the decision to not transmit the second motion for benefit to the primary examiner, he has not shown a basis for this court's jurisdiction to review such matters. *Cf. In re Hengehold*, 58 C.C.P.A. 1099, 1110, 440 F.2d 1395, 1403, 169 U.S.P.Q. 473, 479 (1971); *In re Austin*, 17 C.C.P.A. 1202, 1210, 40 F.2d 756, 760, 5 U.S.P.Q. 285, 290 (1930). However, this court clearly has jurisdiction to review the correctness of the board's decision refusing to set the case down for final hearing and awarding priority to Satomura. 35 U.S.C. § 141.

**11.** 37 CFR 1.225 also requires that the junior party make a request that the issue involved be heard at a final hearing; also, that the request be made within a certain time period—either 30 days after denial of the earlier motion or at a later date set by the interference examiner. Such a later date was set in the order to show cause here. Peska, in his response to the order to show cause, made his request for final hearing on this issue. Although it appears that he did not file his response within the time set by the interference examiner, neither the examiner nor the appellee objected to the belatedness of the response, and, we, like the board, treat this as a waiver of the time requirement of the rule. Therefore, we are satisfied that Peska complied with all the requirements of 37 CFR 1.225.

the disclosure of his U.S. patent whose claims are the basis for the counts in issue. Consequently, Peska did not need to provide further "reasoning," and it was unrealistic for the interference examiner to suggest that Satomura could not fairly respond to Peska's motion for benefit. Therefore, we conclude that Peska's first motion for benefit was a "proper motion" for purposes of 37 CFR 1.225.

In view of the foregoing, we hold that the board erred in refusing to set the case down for final hearing on the issue of whether Peska is entitled to the benefit of his earlier filed Czech application[12] and in entering judgment against Peska pursuant to the show cause order.

The board's award of priority to Satomura is *vacated* and the case is *remanded* for further proceedings consistent with this opinion.

*VACATED AND REMANDED.*

## DECISION ON PETITION FOR REHEARING

Appellee Satomura seeks reconsideration of this court's decision entered (with opinion) May 17, 1979, which vacated an award of priority to Satomura and remanded the case for further proceedings. The Solicitor of the United States Patent and Trademark Office ("PTO") has filed an amicus curiae brief, and appellants Peska et al. ("Peska") have filed a brief in opposition to the petition for rehearing and in reply to the amicus brief. Appellee has also filed a brief in reply to the amicus brief.

Amicus suggests that the court may have "misunderstood" the meaning of 37 CFR 1.258(b) and states that "interference practice" in the PTO has "consistently interpreted" that regulation to mean that a party will not be entitled (absent a good reason) to raise at final hearing a question of right to benefit unless a (proper) motion is

(1) filed, (2) transmitted by the interference examiner to the primary examiner, and (3) decided by the primary examiner; further, that a motion which is filed with the interference examiner but not transmitted by him to the primary examiner is not a "motion" within the meaning of section 1.258(b), so that it would not be reviewed by the Board of Patent Interferences at final hearing.

■■ However, it is clear that section 1.258(b) and section 1.231(a)(4) to which it refers do *not* specify steps (2) and (3) and that the filing of a (proper) motion is all that those regulations require. As Amicus states, section 1.231(d) provides for transmitting all "proper" motions to the primary examiner for decision. If, through error of the interference examiner (as the court noted was the case with Peska's first motion for benefit), a "proper" motion is not transmitted, such error can be raised by petition to the Commissioner under section 1.244. That was not done here, since Peska did not file such a petition. However, we cannot agree with Amicus that such failure to file constituted "acquiescence" in the interference examiner's error in light of Peska's subsequent second motion for benefit and his efforts to have the case set down for final hearing under section 1.225.

As to Peska's second motion for benefit and the ruling of the Commissioner's delegate (Chairman of the Board of Patent Interferences) that the interference examiner erred in deciding to refer the motion to the primary examiner, Amicus proposes to rectify said ruling by having this court vacate the award of priority and remand the case to the Board of Patent Interferences, with the understanding that Peska's second motion for benefit will be transmitted to the primary examiner for a decision on the merits. Amicus asserts that such a course of action would have the same result as

---

12. Although Peska did not move to amend his first motion or file a petition to the Commissioner from the interference examiner's refusal to transmit the motion to the primary examiner, *Land v. Dreyer*, 33 C.C.P.A. 1108, 155 F.2d 383, 69 U.S.P.Q. 602 (1946), does not support

the board's refusal to hold a final hearing. Peska did not acquiesce in the interference examiner's decision, but requested a final hearing on the issue of benefit, as permitted by 37 CFR 1.225.

that reached in this court's opinion of May 17, 1979.

■ Although the court appreciates the good faith efforts of the Solicitor in behalf of the PTO to reach a just result by accommodating Peska's rights and PTO interference practice, an order of this court (even though labelled an "understanding") specifying certain internal procedure to be followed by the PTO would amount to a writ of mandamus, which is not appropriate in the circumstances before us. Moreover, we do not share Amicus' concern that this court's opinion in this unique case will "create administrative problems by prolonging interferences and will present problems for parties involved in interferences." Rather, such problems would appear to arise from an absence of coordination between "interference practice" in the PTO and its own regulations.

■ We adhere to our holding that the board erred in entering judgment against Peska pursuant to the show cause order. We adhere to our decision vacating the board's award of priority to Satomura and remanding the case for further proceedings consistent with the original opinion which, however, is hereby modified as follows: our holding that the board erred in refusing to set the case down for *final* hearing on the issue of whether Peska et al. are entitled to the benefit of their earlier filed Czech application, is revoked. This, we believe, will permit the PTO in further proceedings to follow such internal procedure as it considers proper, consistent with preserving Peska's rights of due process.

Except for the above-noted modification of our May 12, 1979, opinion, appellee's petition is *denied*.

PETITION DENIED.