**ASSOCIATED TRANSPORT, Inc., et al. v. RISS & CO., Inc.**

Civ. No. 24118.

District Court, N. D. Ohio, E. D.

Feb. 5, 1948.

M. C. Harrison, of Cleveland, Ohio, for plaintiff.

A. W. Thomas, of Cleveland, Ohio, for defendant.

JONES, District Judge.

On December 10, 1946, plaintiffs served on defense counsel, Mr. A. W. Thomas, a notice that the deposition of Troutman would be taken on December 12, 1946 at 4:30 p. m. On the afternoon of December 11, 1946, defense counsel informed plaintiffs' counsel that he would not appear for the taking of the deposition inasmuch as leave of court had not been obtained, as required by Rule 26(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in cases where answer has not been filed. Plaintiffs' counsel states that when this matter was called to his attention by defendant, the witness was en route to Cleveland from Glencoe, Ky., by bus and could not be stopped.

No deposition was taken on December 12, 1946.

On the morning of December 13, 1946, plaintiffs served on defendant a copy of a motion for authority to take the deposition of Troutman, at 10 a. m. on December 14, 1946. This motion was filed on December 13th and the Court granted it on the same day. Thereupon plaintiffs attempted to inform defense counsel, orally, that the motion had been granted but were unable to

get in touch with him personally. However, Mr. Thomas admits, in his deposition, that he heard, indirectly, on December 13th that the motion had been granted.

The deposition was taken on December 14th but the defendant was not represented.

Defense counsel, admitting that he had actual notice of the intended deposition, insists that Rule 30(a) requires that written notice be given of the taking of a deposition, that not having received written notice he was not required to attend and that the deposition was, accordingly, improper and should be suppressed.

Rule 30(a) reads, in part, as follows: "A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. * * *"

Rule 26(a) provides, in part, that "depositions shall be taken only in accordance with these rules."

Plaintiffs assert that inasmuch as the defendant had received, on December 13th, a copy of the motion for authority to take the deposition on December 14th and had not contested such motion and had had actual notice that the motion had been granted, defendant had been given the written notice required by Rule 30(a). Furthermore plaintiffs say that the notice of December 10th met the requirements of Rule 30(a) and that the taking was merely postponed for a few days pursuant to defendant's objection that leave of court had not been obtained. In other words, plaintiffs contend that defendant's copy of the motion, plus the original notice, became a proper written notice upon Mr. Thomas hearing that the motion had been granted.

■ The purpose of Rule 30(a) is plainly to give a party full notice of the time and place that a deposition is to be taken. If the other party is required to postpone the taking of the deposition in order to first obtain leave of court, or for any other reason, than the notice originally given becomes meaningless and a new notice is needed. There is nothing in the Rules to indicate that one written notice satisfies the requirements even though the deposition is not taken until a later date. The need for another notice might be dispensed with in a case where the party upon whom the notice was served moved the court "to enlarge or shorten the time," as provided by Rule 30(a), but that is not the situation here.

■ Even if the plaintiffs' theory that the defendant's copy of the motion for leave of court to take the deposition on December 14th became a written notice upon the granting of that motion is accepted, it cannot be said that as a notice it met the requirements of Rule 30(a). The motion lacked the following information: the place of the taking of the deposition, and the address of the person to be examined.

It is not too much to expect parties to meet the formal requirements set out in the Federal Rules. One of the very purposes of the rule with respect to written notices is to make it unnecessary to go to such lengths, as here, to determine whether or not one of the parties knew a deposition was to be taken. It would have been much easier, for the parties, the witness, and the court if plaintiffs had followed Rule 30(a) to the letter. This would have made the preparation of briefs, the taking of Mr. Thomas' deposition and a delay of nearly a year, all unnecessary.

Motion to suppress the deposition will be granted and order may be entered accordingly.