55 CCPA

**Application of Graham FEE and William E. Portz.**

**Patent Appeal No. 7984.**

United States Court of Customs and Patent Appeals.

June 27, 1968.

J. H. Slough, Cleveland, Ohio, for appellants.

Joseph Schimmel, Washington, D. C., (Jere W. Sears, Washington, D. C., of counsel) for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND and KIRKPATRICK,[*] Judges.

WORLEY, Chief Judge.

Fee and Portz appeal from the decision of the Board of Appeals affirming the examiner's rejection of their application for an ornamental design for a lawn sprinkler.[1]

The sole figures of the drawing are Figs. 1 and 2:[2]

---

[*] Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

[1]. Serial No. D–72,404, filed November 6, 1962.

[2]. The specification states that the dominant features of the design reside in the portions shown in solid lines.

The single claim reads:

1. The ornamental design for a lawn sprinkler substantially as shown and described.

The claim stands rejected on two grounds. One is double patenting on the premise that appellants are attempting to claim the same lawn sprinkler combination that is the subject matter of their previously issued design patent.[3] The other rejection is that the application lacks a sufficient disclosure.

Considering the latter rejection, the examiner stated that "it is not seen that the application satisfies the requirements of 35 U.S.C. § 112,[4] Rule 152[5] and MPEP 1503.02 [6] which require that an application disclose the claimed design in such a manner as to enable a person skilled in the art to make and use the same." He further held that the two views shown were not sufficient to constitute a complete disclosure of the appearance of the article. In affirming the rejection the board stated:

Under the facts of the present case, it appears to us that the Examiner is justified in requiring further illustration to determine the contours of significant parts of the article. While we would accept the omission of a bottom view as equivalent to admission of the unimportance of such detail to the appearance of the article, we share

the Examiner's view that the two views presented leave in doubt the shape of the arcuate bridge portion supporting the tee and ball features. Neither the thickness nor degree and distribution of curvature of the upper surface thereof is made evident in the present drawings. Comparison to patent D–198,357 suggests that a circular arc is representative of this bridge surface but the shading in Figures 1 and 2 of the drawing of the present application would support other curved distribution of the crowned areas of this part. * * *

The board's reference to patent D–198,357 was occasioned by the drawing of that patent including, in addition to figures corresponding to application Figs. 1 and 2, the following end views: [7]

■ It is obvious that the two views in the present application leave in doubt

---

3. No. D 198,357, issued June 2, 1964.

4. § 112. Specification
   The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.
   *     *     *     *     *

5. Rule 152. Drawing. The design must be represented by a drawing made in conformity with the rules laid down for drawings of mechanical inventions *and must contain a sufficient number of views to constitute a complete disclosure of the appearance of the arti-*

*cle.* Appropriate surface shading must be used to show the character or contour of the surfaces represented. (Emphasis supplied.)

6. MPEP 1503.02 refers to the identified section of the Manual of Patent Examining Procedure. That section provides instructions for applying Rule 152 and appears not to require any specific consideration here.

7. The patent also shows a bottom view not reproduced here. The patent differs from the application essentially, apart from the additional views, in the sprinkler portions consisting of the ball-like head (ball), the pedestal for the head (tee) and the hose coupling being shown in broken lines, with the dominant features of the design designated as shown in solid lines.

the degree and distribution of the curvature of the upper surface of the base. Those characteristics might be the same as in Figs. 3 and 4 of the patent, or quite different so far as Figs. 1 and 2 are concerned. The drawing thus does not comply with the requirement of Rule 152 that the application "contain a sufficient number of views to constitute a complete disclosure of the appearance of the article."

As recognized by this court in In re Rubinfield, 270 F.2d 391, 47 CCPA 701 (1959), the Rules of the Patent Office have the force and effect of law unless they are inconsistent with the provisions of the statutes. Here appellants have made no contention that Rule 152 is inconsistent with 35 U.S.C. § 112 or any other section of the statute,[8] and no reason for our so holding is apparent from the record before us.

It is not without significance regarding sufficiency of disclosure that the base portion is a so-called "dominant feature" of the design in the present application as well as in appellants' patent, and that additional views which make the total appearance of the article clear were included in the latter.

We also think that the double patenting rejection is proper. Appellants contend that the showing of the ball and tee portion of the article in dotted lines with a "dominant feature" clause in the patent specification limits the design claimed there to the base portion of the illustrated sprinkler. However, as the examiner noted, both the application claim and the patent claim are directed to an "ornamental design for a lawn sprinkler." The patent claim is not directed to the ornamental design for a *base for* a lawn sprinkler. It seems to us impossible to have a "lawn sprinkler" sans the ball and tee features which constitute the sprinkler head or operating portion of the sprinkler. Appellants here are claiming the same lawn sprinkler that is claimed in their patent.

The decision is affirmed.

Affirmed.

RICH, Judge, concurring, with whom SMITH, Judge, joins.

This case had been decided by the Board of Appeals before our opinion in In re Blum, 374 F.2d 904, 54 CCPA 1231 (1967) was handed down. We there discussed the confusion created as to what is claimed by the use of the "dominant feature" statement of the type which appears in this application as well as in the appellants' patent. We also discussed the obscure significance of broken lines and the deficiencies of MPEP 1503.02.

The instant case further illustrates the need for tightening up the require-

8. Appellants' entire argument on the rejection is the following paragraph from their brief:

As stated by the Board of Appeals, the Examiner's rejection of the claim on the ground of insufficient disclosure was based on an alleged absence of a showing of the front, rear and bottom of the article. Appellants, it is believed, have adequately disclosed the design in the figures of drawing, Figure 1 being a side view and Figure 2 being a top view of the invention. It would appear that the disclosure to a person skilled in the art would enable such person to make and use the same and constitutes a complete disclosure of the appearance of the article. The Board conceded that * * * a bottom view as required by the Examiner was unnecessary * * * but held the two views presented leave in doubt the shape of the arcuate bridge portion supporting the tee and ball features and held neither the thickness nor degree and distribution of curvature of the upper surface thereof is evident. The Board compared the design with Patent No. D–198,357 but the Board felt "the shading in Figures 1 and 2 would support other curved distribution of the crowned areas of this part." The question thus appears, how can a showing Design Patent No. 198,-357 anticipate a design which the Board states could involve another contour? The drawings are the best evidence of what is shown. They appear, in appellants' view, to present a complete disclosure according to the design of the claim. Other shading would appear if the design involved further shaping.

ments with respect to what is said and what is shown in design patent applications and for greater clarity in the Manual of Patent Examining Procedure.

For myself, I rest affirmance solely on the failure to comply with 35 U.S.C. § 112. I am unable to say whether the same design is being claimed in the application and in the patent, or an obvious variant, because, due to the dotted lines and the "dominant feature" clause in the patent, I am not sure what is claimed therein. I think the attempt was to claim the base alone, without the ball and tee, but who would know? Here, perhaps, the attempt is to claim the ball and tee in combination with the base. There is uncertainty of description. Again we have a "dominant feature" clause, which appears to be meaningless because the drawings contain no dotted or broken lines.

Since I cannot subscribe, moreover, to the double patenting rejection as stated by either the examiner or the board, which involved prior art not mentioned by the majority in a kind of obviousness-type double patenting rejection, I express no opinion on that rejection.