57 CCPA

**Application of Friedrich GEIGER and Karl Wilfert.**

**Patent Appeal No. 8196.**

United States Court of Customs and Patent Appeals.

May 14, 1970.

---

[1]. T.D. 55353(1), 96 Treas.Dec. 119 (1961).

Craig & Antonelli, Paul M. Craig, Jr., Washington, D. C., attorneys of record, for appellant.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents. Lutrelle F. Parker, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and McMANUS, Chief Judge, Northern District of Iowa, sitting by designation.

BALDWIN, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of the claim in appellants' application[1] for a design patent on the ground of double patenting. A terminal disclaimer is of record in this case and was considered by the Board of Appeals in making its determination.

The design disclosed and claimed in the application at bar is for an automobile of the limousine type. Figures 1 and 2 of the application drawing are reproduced here for illustration:

FIG.2

FIG.1

[A1699]

---

1. Serial No. 78,842, filed March 2, 1964, entitled "Automobile".

The claim on appeal is of the form prescribed in design patent applications,[2] reciting:

> The ornamental design for an automobile substantially as shown and described.

The claim was finally rejected on appellants' own patent,[3] the application for which was filed on the same day as the application now here on appeal. Figures 1 and 2 of the patent drawing are shown here:

FIG. 2

FIG. 1

[A1700]

As can be seen from a comparison of the drawings, the patented design is substantially identical to that claimed on appeal with the exception that the automobile shown in the patent drawings is a sedan which does not have an enlarged center panel as does the limousine of the present application. The issue presented to us is whether appellants, in their application, are claiming the "same invention" claimed in their patent. *See* In re White, 405 F.2d 904, 56 CCPA 870, 160 USPQ 417 (1969); In re Eckel, 393 F.2d 848, 55 CCPA 1068, 157 USPQ 415 (1968).

In affirming the double patenting rejection, the board made the following initial comments:

> The design claimed is rejected by the Examiner under 35 U.S.C. 101 on the ground of double patenting over appellants' design patent No. D–203,-106 with the two cited publications[4] referred to in support of the premise that it is common to include side panel between door panels in the make-up of automobile structures.

It then expressed its opinion as follows:

> Since the subjects to compare are designs, and the claims and disclosures

2. See Rule 153(a) Rules of Practice in Patent Cases (1968). See also In re Rubenfield, 270 F.2d 391, 47 CCPA 701, 123 USPQ 210 (1959).

3. U.S. Patent D–203,106, issued December 7, 1965.

4. One reference, Commercial Car Journal, April 1959, pg. 338, shows what is now called an airport limousine, being essentially a standard Chevrolet sedan automobile made longer by the addition of a number of doors and extra seats. The other, Motor Trend magazine, September 1962, page 73 shows a Lincoln Continental limousine wherein the two doors on each side are separated by a third panel.

thus commensurate in each case the issue as to difference in over-all design appearance is properly approached without emphasis on the distinguishing center section of the present design in the comparison of the two appearances. Viewing the two automobiles as a whole, it appears to us that the dominant design features are found in the contours and treatment of general automobile appearances such as the ends, fenders and body contour. Viewed in this way, the two designs appear to us to present substantially the same over-all appearance. Only upon detailed analysis is it noticed that the present appeal concerns an automobile of more elongated body proportion. This change is not accomplished by variation in primary body conformations or curvatures but is solely due to the insertion of an unadorned addition to the length of the center section of the body. While this is reflected as a panel between the doors upon consideration of the structural change, this only comes to attention in the design sense by close scrutiny of the joint structures which are necessary from a practical sense but are made as unnoticeable as possible in the design sense. Whether the added length is accomplished by added doors as in the "Chevrolet" publication or by a static panel as in the "Lincoln" publication does not appear to us to be significant to the over-all appearance.

## OPINION

We note first that the board was in error in stating the statutory basis for the rejection. The correct and only basis in the statute for denying the grant of more than one *design* patent on the "same invention" is 35 U.S.C. § 171. *See* In re Thorington, 418 F.2d 528, 57 CCPA—, 163 USPQ 644 (1969).

Insofar as the merits of the rejection are concerned, we must also hold error in the board's decision. Almost forty years ago, Stringham, in his famous text on the subject of double patenting, stated: "The term 'same invention' is too broad a term to fit in with the law of double patenting, because of the diversity of meanings of 'invention' ".[5] Our recent opinions in this area,[6] most notably In re Frilette (PA 8267) 423 F.2d 1397 (decided April 9, 1970), In re Vogel (PA 8198) 422 F.2d 438 (decided March 5, 1970) and In re White, *supra*, have, we hope, helped to solve that problem by pointing out that the meaning of the term "invention" in a double patenting context is restricted. What those cases hold is that 35 U.S.C. § 101 prohibits the granting of two or more patents *only* where the scope of protection defined by the claims is limited to the *identical subject matter*.[7] That holding also applies to 35 U.S.C. § 171.[8] Thus, if the claims of a patent define a scope of protection which extends over *different* subject matter than those of an application, and such patent is *not* prior art within the sense of 35 U.S.C. § 102, then there is no *statutory* bar to the granting of a patent on those claims. A terminal disclaimer would then be necessary to obviate a double patenting rejection (which would necessarily be predicated on case law) *only* when the differences are such as would make the subject matter claimed in the application a mere obvious variation of what is claimed in the patent taking prior art into consideration. *See* In re Braithwaite, 379 F.2d 594, 54 CCPA 1589, 154 USPQ 29 (1967).

Manifestly, the subject matter *disclosed* in appellants' patent is not *identical* to the subject matter disclosed in the instant application. One vehicle is a sedan while the other is a limousine. In double patenting cases, however, the

---

5. E. Stringham, Double Patenting 22 (1933).

6. All have been published since the board's opinion in this case.

7. Stringham would refer to this as "identic inventive embodiment." See also pages 232–7, *id.*

8. *Cf.*, In re Fee, 397 F.2d 329, 55 CCPA 1297, 158 USPQ 277 (1968).

only question of importance is what subject matter is *claimed*. The position that the board seemed to be taking in its opinion, and the solicitor in his argument, is that the invention claimed in the patent and application is *not* the specific design of the particular vehicle shown in the drawings in each instance, but the general over-all design *concept* of which the two drawings are only specific embodiments. Each claim being drawn to the same design *concept*, the argument seems to go, each claim is thus covering the "same invention".

We cannot accept this argument. In the area of double patenting, design patents present somewhat unique problems. The boundaries of the protection defined by the claims are not discernible by a reading of the claims alone. A vis-

ual analysis of the drawings is required. Thus, any standard "test" as to whether the same subject matter is being claimed would be inappropriate.[9] *Compare,* In re Vogel, *supra.* Design patent claims are inextricably and directly related to the specific illustration shown in the drawings. In this case, as pointed out by the board, "the claims and the disclosures are commensurate." We think it reasonable and necessary, therefore, to conclude that the subject matter claimed in the application before us is not identical to the subject matter claimed in the patent. Having reached this conclusion, it follows that the Patent Office was in error in not recognizing the effect of the terminal disclaimer[10] and the decision of the Board of Appeals must be reversed.

Reversed.

9. We might conjecture, however, that if appellants' patent *were* prior art, any rejection would probably be couched in terms of obviousness rather than anticipation.

10. The board, near the end of its opinion, made a comment which makes it appear that even if the claimed subject matter were held to be distinguishable, a ter-

minal disclaimer would not be considered enough to obviate the double patenting rejection in this case. An additional requirement indicated was that the filing of the second application, on subject matter not unobvious over the patented subject matter, be made through no fault of the inventor. Suffice it to say that there has never been such a requirement and we see no reason for making one now.