57 CCPA

David W. PIEL, deceased, by Tillie Margaret Piel, Executrix, Appellant,

v.

Eugene H. FALKNER, Appellee.

Patent Appeal No. 8273.

United States Court of Customs and Patent Appeals.

May 28, 1970.

Charles W. Coffee, Lubbock, Tex., attorney of record, for appellant.

Donald L. Dennison, Dennison & Dennison, Washington, D. C., for appellee.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and FORD, Judge, United States Customs Court, sitting by designation.

BALDWIN, Judge.

This is an appeal from the decision of the Board of Patent Interferences, adhered to on reconsideration, awarding priority in Interference No. 95,198 to Eugene H. Falkner, appellee and junior party.

The single count of the interference corresponds to claim 2 of appellant Piel's patent [1] which was copied and added to Falkner's application [2] by amendment. The invention of the count relates to a closure for a freeze or expansion plug in the block of an internal combustion engine. Since it is not pertinent to the issues here, it will not be further described.

The issue here is whether the board properly denied a motion for judgment filed by appellant, David W. Piel, deceased, by Tillie Margaret Piel, Executrix, urging that the testimony for Falkner be stricken for various reasons and Falkner restricted to his filing date.[3]

---

1. U.S. Patent 3,175,727, issued Mar. 30, 1965, on a continuation of an application which was filed Apr. 28, 1961.

2. Serial No. 201,588, filed June 11, 1962.

3. As a result of the denial of that motion, consideration of which had been deferred to final hearing, the board considered the testimony and found it to prove an actual

A preliminary issue, raised in appellee's brief, is whether the afore-stated question is so related to the question of priority as to be within this court's jurisdiction to review under 35 U.S.C. 141. We have decided that it is. Such a question is directly related to the admissibility of the evidence upon which the award of priority was granted. It would be absurd to hold that this court has the authority to review the evidence, including the weight to be accorded it, under the established rules regarding evidence, yet does not have the authority tö decide whether such evidence was properly admitted.[4]

The facts before the court, many of which are stipulated, are the following:

On August 15, 1966, Falkner, appellee, mailed Piel, appellant, the following notice:

## NOTICE OF TAKING TESTIMONY

In the above entitled Interference you are notified that the Party EUGENE H. FALKNER will proceed to take testimony in chief on Thursday, August 25, 1966, at 523 Ocean Center Building, Long Beach, California. The witnesses will include Eugene H. Falkner, Eugene H. Falkner, Jr., Robert D. Falkner, Harold G. Miller, and others. Testimony will continue from day to day until completed.

On August 20, 1966, Piel filed in the Patent Office his objection to the Notice of Taking Testimony, alleging that it was defective in failing to set out the place (room number), the time (hour), and the identity (by address) of the witnesses, and moving that the notice be stricken.

On August 23, 1966, Falkner sent his opposition to the Motion to Strike Notice of Taking Testimony, which paper did recite the room number and hour at which the depositions were to be taken, but did not supply the missing addresses of the witnesses.[5]

Piel's attorney received the opposition paper on the afternoon of August 24, 1966. He determined that he did not have adequate time to travel from his office at Lubbock, Texas, to Long Beach, California, secure the necessary rest and be at the examination of witnesses by the specified hour of 10:00 a. m., August 25, 1966.

The testimony of the witnesses was taken at the specified time and place and Piel's attorney did not attend.

On September 12, 1966, Piel's attorney was notified that the testimony of Falkner's witnesses had been filed. On September 19, 1966, the designated time for Falkner to take testimony expired.

The record indicates that Piel's attorney did nothing further concerning the disputed testimony until December 23, 1966, when he filed a motion for judgment urging that the testimony should be stricken, thus to restrict Falkner to his filing date. This motion was based primarily on the assertion that Falkner's original notice of taking the testimony was defective and this defect was not cured by the subsequent paper. The board, in its decision, denied the motion and, considering the disputed testimony,

reduction to practice by Falkner prior to Piel's entry into the field. Piel does not at this time contest the award of priority on the merits of that testimony.

4. *Cf.*, Land v. Regan, 342 F.2d 92, 52 CCPA 1048 (1965), where the court decided that the board was in error in granting a motion to strike testimony and went on to consider such testimony in reversing the board on the question of priority.

5. The Patent Office Interference Examiner, in a letter dated Sept. 9, 1966, acknowledged receipt of Piel's objection to the notice but stated that no action could be taken on the motion to strike the notice "since the Office has no authority to supervise the taking of testimony." The Interference Examiner's further comments at this point bear repeating:

If in fact testimony is improperly taken in this case Piel is not without a remedy, since *a timely motion to strike any such testimony* may be made at the appropriate time and *will be entertained when the testimony is filed.* [Emphasis ours.]

awarded priority to the appellee, Falkner.

Patent Office Rule 273 states:

"Before the depositions of witnesses shall be taken by a party, due notice in writing shall be given the opposing party or parties, as provided in Rule 248, of the time when and the place where the deposition will be taken of the cause or matter in which they are used, and the name and address of each witness to be examined."

There can be no doubt that Falkner's notice, in failing to state the time of the taking of testimony or the addresses of the witnesses, did not comply with this rule. His opposition paper to the Motion to Strike Notice of Taking Testimony, which did not identify the witnesses by address, but did give the room number and hour, was too late and inadequate to operate as a cure, making his Notice of Taking Testimony fatally defective. At this point Falkner should have perfected a new notice to take testimony. He chose not to do so.

 Congress, by 35 U.S.C. § 23, gave the Commissioner authority to establish Patent Office Rule 273. Patent Office Rules, when not inconsistent with the statutes from which they are derived, have the effect of law. In re Newton, 414 F.2d 1400, 56 CCPA 1463 (1969); Land v. Dreyer, 155 F.2d 383, 33 CCPA 1108 (1946). The requirement of Rule 273 of the Patent Office that the *time* when and the *place* where the deposition will be taken and the *address* of *each witness* to be examined be given in writing to the opposing party is not without purpose. An opposing party should be provided adequate information as to time and place in order that he be available to confront his opponent's witnesses. The identity of the witnesses to be examined should be known, other than by mere name, in order that the opposing party might have the opportunity to confront them with preparation as to character, credibility, and qualification. We feel that the appellant was entitled to be notified of the time and place of the taking of deposition and addresses of witnesses to be examined and that, under the circumstances of this case, the provisions of Rule 273 should be strictly construed.

The language of Rule 273 quoted earlier is substantially the same as that of Rule 30(a) of the Federal Rules of Civil Procedure. The courts, in interpreting the requirements of that rule, have generally been stringent. See, e. g., Mims v. Central Mfrs. Mutual Ins. Co., 178 F.2d 56 (5th Cir. 1949); Struthers Scientific & Int'l Corp. v. General Foods Corp., 290 F.Supp. 122 (S.D.Tex.1968); Kilian v. Stackpole Sons, 98 F.Supp. 500 (M.D.Pa. 1951); Associated Transport, Inc. v. Riss & Co., 8 F.R.D. 99 (N.D.Ohio 1948). As the Judge in the latter case stated: "It is not too much to expect parties to meet the formal requirements set out in the Federal Rules." When a notice under Rule 30(a) has been found defective, the effect has been to prevent the use of the testimony for any evidentiary purpose. Mims v. Central Mfrs. Mutual Ins. Co., *supra*. Failure to comply with Patent Office Rule 273 must be treated no differently.

 The Board of Patent Interferences, in denying Piel's motion, indicated that it felt that Piel had waived any rights she had under Rule 273 by not filing the motion with "reasonable promptness". While we do not attempt to justify or condone the wait of more than three months, we must disagree with the implication that Piel lost his rights thereby. In the first place, Falkner's time for taking testimony had almost expired when Piel's attorney was notified that the testimony had been filed. Any action by Piel probably would not have prevented the necessity of reopening that testimony period. Falkner had been notified that Piel considered his notice deficient. Thus, whether Piel waited three days or three months, Falkner was in no way damaged. In the second place, we feel that Piel was under no burden to cure Falkner's defects by some positive action of her own. By her timely objection to the defective notice, she

had fully complied with the rules. Her right to object to the use of the disputed testimony was then fully established. Compare 4 J. Moore Federal Practice ¶ 30.03[11] (2d ed. 1953).

■ We recognize that Piel is not without some responsibility for the matter of the admissibility of the Falkner depositions still being in issue at this late stage of the proceedings. Nevertheless we are reluctant to hold that Piel is sufficiently at fault to be deprived of the right to object to the defects in Falkner's notice. We therefore hold that the Board of Patent Interferences was in error to the extent that it failed to strike the depositions of Falkner.[6] However, the circumstances require that the interference be reopened to provide Falkner with an opportunity to retake his depositions upon proper notice in accordance with Rule 273 before any award of priority is made. Cf., Clayton Chemical & Packaging Co. v. United States, 383 U.S. 821, 86 S.Ct. 1128, 16 L.Ed.2d 288 (1966). The board's decision is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

6. We see no reason, either in law or in logic, why the board could not have ignored Piel's request that judgment be granted in her favor and treated the motion simply as one to strike the testimony. While such action would have the immediate effect of leaving Falkner with no case, it would leave open the possibility of his filing a motion to reopen the interference for the taking of new testimony.