**MIMS v. CENTRAL MFRS. MUT. INS. CO. et al.**

**No. 12784.**

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1949.

Rehearing Denied Jan. 9, 1950.

J. A. Walker, Opelika, Ala., Jacob Walker, Jr., Opelika, Ala., James A. Hines, Lafayette, Ala., for appellant.

Joseph S. Mead, Birmingham, Ala., for appellees.

Before HUTCHESON, McCORD and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Appellant, complainant in the trial Court, instituted four suits against four fire insurance companies to recover the face amount of four policies, aggregating $25,-000, for loss resulting from the destruction of a stock of merchandise she owned, located at Lafayette, Alabama. Jurisdiction was predicated upon diversity of citizenship and amount in controversy. The allegations of each of the complaints are the same, as are the defenses interposed.

The defenses denied the value of the merchandise was in the amount alleged, and asserted that the policies and their liability had been voided by reason of willful concealment and misrepresentation of material facts, as well as fraud and false swearing, all done with intent to deceive. The fifth defense is predicated upon the failure of the insured to comply with stated provisions of the policies.[1] The trial Court denied the motion to strike and this action is assigned as error.

The four cases were consolidated for trial, which was had to a jury, and a verdict returned in favor of the defendants. The only assignments of error upon the rulings during the course of the trial, by

---

1. The policies provided: "The insured, as often as may be reasonably required, shall produce for examination all books of account, bills, invoices and other vouchers, or certified copies thereof if originals be lost, at such reasonable time and place as may be designated by this Company or by its representative, and shall permit extracts and copies thereof to be made." Summarized, the defense asserted a failure to produce books, records, invoices, and other documents but conceded that the complainant asserted that such papers had been lost or destroyed in the fire and that she had appeared for oral examination as required by the policy and produced some copies of invoices but not all which were available to her or which could have been obtained by the making of reasonable and due effort to do so as required by the policy.

objections properly presented to the Court and preserved, relate to the rulings of the Court admitting into evidence numerous depositions. Appellant's counsel moved to suppress the depositions, and that they be not admitted, upon the ground that the depositions were taken upon notice specifying times and conditions wholly unreasonably and oppressive. To understand the nature of this objection and to determine its validity, it is necessary to review some of the circumstances in detail. The complainant had opened her store carrying a stock of ladies' merchandise and wearing apparel in February, 1947. The first policy of insurance was procured on February 19, 1947, in the amount of $10,000, and three cumulative policies were thereafter obtained, one on April 8, 1947, and the third and fourth on April 30, 1947. After the loss on May 4, 1947, and upon examination and notice to produce her records, appellant stated at the first examination that all her books and records had burned. However, by the time of the second examination she had secured copies of some invoices and cancelled checks, which she stated were all she could get. These evidenced the purchase of merchandise totalling $5,013.-77, or some 16 percent of her claimed purchases of $31,000. She contended that these papers did not represent all the merchandise she had bought and insisted that she had made many cash purchases from persons she did not recall, some of them in the "black market." At the April, 1948, term of Court, defendants sought and procured a continuance of the trial of the case to enable them to develop by depositions their contention that the entire stock purchased and on hand at the time of the fire was not in excess of $4,000 or $5,000, and this they proposed to prove by testimony and records of suppliers from whom the stock had been purchased. The trial was set for October 12, 1948. On September 25, 1948, defendants served upon appellant's counsel a request for admissions to which was appended photostatic copies of each of 73 invoices of goods sold to appellant totalling $5,372.93. These included the 55 produced by the insured before the trial. The request for admis-

sions related mainly to two matters, first, that each of the attached documents was a true and correct copy of the original and secondly, that the merchandise evidenced by the invoices was all that she had bought from the suppliers issuing them. Complainant duly answered that she could not truly admit or deny that the exhibits were true and correct copies of the invoices, and neither could she truly admit or deny the other request for admission as all of her original records had been destroyed. Prior thereto, on October 2, appellant was advised of the intention of the defendants to take fifteen depositions, all on the same date, October 6, 1948, and one in New York on October 9, 1948, and of witnesses in Boston, Chicago, San Francisco, St. Louis, Alliance, Ohio, Cincinnati, Baltimore, Philadelphia, Birmingham and Dallas. Counsel for appellant immediately informed defendants' counsel by letter that this notice was not reasonable and that objections would be presented to the depositions. These depositions were taken and when tendered in evidence full grounds of objections, predicated upon the unreasonableness of the notice and taking, were urged. The Court was at first inclined to rule with the appellant, but upon being informed by defendants' counsel of the service of the request for admissions and of the failure to specifically admit and answer, the Court ruled that the portion of the depositions relating to the correctness of the invoices would be admitted in evidence. The basis of this ruling by the Court was that the policy placed upon appellant the burden of producing these invoices, and that as she had not been diligent in procuring them and giving "the information required under the policy," and had made the defendants spend great time and money, counsel should be permitted "to read those depositions as to the correctness of the invoices." As a matter of fact, however, the invoices were not read but counsel was granted permission to refer to them in argument and to read them to the jury and comment thereon. A summary of the depositions thereafter admitted showed the correctness of the attached invoices and that they represented "all the purchases made by Mrs. George P.

Mims or Jane's Shop at Lafayette, Alabama."

██ The assignment of error upon the overruling by the Court of the complainant's motion to strike the fifth defense does not present ground for reversal. It is true that in many instances motions to dismiss and to strike have important and necessary functions in halting further progress of useless litigation when it is apparent from the pleading, whether by complainant or defendant, that the claim or defense cannot be legally maintained. However, it is equally true that in view of the present function of pleadings under the Federal Rules of Civil Procedure, 28 U.S.C.A., generally speaking, the rules of strict construction are not now of force, and unless it affirmatively appears, not from what is omitted to be alleged, but from what is actually alleged, that there is no valid claim or defense, a failure to sustain a motion to dismiss or to strike may not in and of itself be assigned as reversible error. To preserve the point the moving party can, and in general is required, upon the trial to renew and support his pleaded objections by objections to evidence, and by requesting rulings and instructions from the Court to the jury which he deems necessary to protect and preserve the point asserted by his motion to dismiss or to strike. In the present case the points asserted by motion were not again presented by any request for instructions, or by any effort to have the Court direct the jury to pass separately upon the question of whether the action should be merely abated or determined upon its merits. Therefore, since the point was not properly urged and presented, there is no occasion to determine the validity of the fifth defense. Likewise, as to the objections now urged to the charge (which in some portions apparently gave effect to this defense) since no objection was presented to the trial Court, the appellant can not here properly complain of the alleged erroneous instruction. We cannot accept the contention that the assertion of the objection by motion to strike properly presented and preserved the point throughout the proceedings of the subsequent trial.

██ The assignments of error upon the admission in evidence of the depositions are meritorious. Rule 30 of the Rules of Civil Procedure requires the giving of "reasonable notice" of the taking of depositions. We are unwilling to give countenance to the propositions that the notices given as set forth above calling, as they did, for the taking of depositions of numerous witnesses on the same date, in scattered localities across the continent, were in any sense reasonable. Under the circumstances here there had been ample time to take the desired depositions following the continuance which had been obtained at one term of Court for that express purpose. There was no real opportunity for a seasonable motion for the protection of the parties,[2] and the depositions should not have been admitted for any purpose. The action of the complainant in failing to admit or deny the request for the admission of the correctness of the invoices and papers furnished no ground for the use of any part of the depositions. Rule 36 of the Rules of Civil Procedure serves an important purpose, and it is proper that litigants should comply with the spirit and intent of its beneficial provisions. However, the sanction or penalty for failure to comply cannot be extended to authorize the proof of the genuineness of writings or facts as to which the admissions are sought by evidence contained in depositions taken as were these. The sanction provided by Rule 37(c) is the issuance and enforcement of an order requiring the party improperly failing to admit, to pay "the reasonable expenses incurred in making such proof, including reasonable attorney's fees."

There are unusual features present in the record. The ends of justice will be served by the grant of a new trial in which the merits of the case may be determined without the confusion resulting from the introduction in evidence of, and comment upon, the numerous depositions which were improperly admitted.

The judgment of the trial Court is reversed and a new trial ordered.

2. Rule 30(b), Rules of Civil Procedure.