**ADVANCED STERILIZATION PRODUCTS, etc.,**
**Plaintiff,**

v.

**Adir JACOB, Defendant.**

**Adir Jacob, Counterclaim Plaintiff,**

v.

**Ethicon, Inc., Johnson & Johnson Medical, Inc., Counterclaim–Defendants.**

**Civ.A. No. 99–10376–NG.**

United States District Court,
D. Massachusetts.

Jan. 12, 2000.

*MEMORANDUM AND FIRST ORDER ON DR. JACOB'S EMERGENCY MO-TION ... FOR A PROTECTIVE OR-DER UNDER FED.R.CIV.P. 26(c)(2), 30(a)(2)(A) AND LOCAL RULE 26.1(C)(# 84)*

COLLINGS, Chief United States Magistrate Judge.

Rule 30(a)(2)(A), Fed.R.Civ.P., provides, in pertinent part:

> (2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2) ... if, without the written stipulation of the parties,
>
> > (A) a proposed deposition would result in more than ten depositions being taken under this rule ... by the plaintiffs, or by the defendants, or by third-party defendants.

Local Rule 26.1(C) of the Local Rules of the United States District Court for the District of Massachusetts provides, in pertinent part:

> (C) **Discovery Event Limitations.** Unless the judicial officer orders otherwise, the number of discovery events shall be limited to each side (or group of parties with a common interest) to ten (10) depositions ...

The issues raised by Dr. Jacob's Emergency Motion [1] are the extent to which a party must be explicit in seeking permission to take more than ten depositions, and what is the remedy if a party takes more than ten depositions without permission.

The facts, largely undisputed, are that in the above-styled cause, fact discovery in the case was to close on October 29, 1999. On October 20, 1999, the plaintiff, Advanced Sterilization Products (hereinafter, "ASP") filed a Motion for Enlargement of Time to Conduct Discovery and Respond to Dr. Jacob's Motion for Summary Judgment (# 77). In that motion, ASP asked that the close of fact discovery be extended until November 10, 1999 and that the response to the motion for summary judgment be enlarged to a date after a scheduled status conference on November 10th. The reason for asking for the enlargement of time for fact discovery was to "... permit the parties to continue conducting the many depositions that have been noticed in this case and to complete third-party discovery that has been delayed for reasons beyond the parties' control." *See* # 77 at 1–2. ASP noted that as of October 20th, "... ASP has completed two third-party depositions and has begun (but has not completed) the deposition of Dr. Jacob." *Id.* at 4. Further, ASP stated that "[a]t present, the parties intend to take approximately seventeen more depositions with only the eight business days that remain before the scheduled close of discovery." *Id.* ASP did specify that it had noticed four of the remaining depositions (i.e., Bithell, Stark, AbTox & Tegal), but there was no specificity as to which

---

1. Dr. Jacob's Emergency Motion (# 84), although filed on November 5, 1999, was not re-ferred to the undersigned until November 16, 1999.

party had noticed the remaining thirteen depositions. However, it is curious that ASP stated that the total number of depositions which would have been taken by the close of discovery totaled twenty, which is within the limit of ten per side. More important for present purposes, the motion made no mention of the fact that ASP intended to take more than its permitted ten depositions. No permission to do so was sought.

In fact, ASP was planning to take thirteen depositions, three more than the allotted ten. When no action was taken on the motion for protective order, ASP went ahead and took two of the three over-the-limit depositions; the third has yet to be taken.

Dr. Jacob filed an opposition to ASP's motion for enlargement on October 28, 1999. *See* # 78. In his opposition, Dr. Jacob argued that (a) the October 29th date was requested by ASP over his objection and ASP should be held to its requested date and (b) ASP had tried and failed earlier to get an enlargement of the October 29th deadline as to fact discovery and the deadline for opposing the summary judgment motion and this was a second attempt. *Id.* at 1–2. Dr. Jacob further argued that ASP could have completed the ten depositions it was permitted to take by the October 29th deadline, and that it was not entitled to take the additional depositions in excess of ten which had been noticed. *See* # 78 at 2.

On October 29th, the District Judge allowed ASP'S motion to enlarge the time for completing fact discovery and responding to Dr. Jacob's motion for summary judgment but only until November 10th. She further noted that no further extension would be allowed. In view of this action, ASP argues that Dr. Jacob's emergency motion for a protective order is moot, since by her endorsement on its motion, the District Judge granted ASP permission to take more than ten depositions and two "over-the-limit" depositions have already been taken.

I reject ASP's position. ASP never asked for permission to exceed the limit. It asked only for an enlargement of time to complete fact discovery and respond to Dr. Jacob's motion for summary judgment. ASP had not completed its ten permitted depositions by October 29th; the District Judge merely granted an extension of time to complete whatever discovery was permitted by the rules. That is all she was asked to do, and her endorsement cannot be read as granting any further relief which had never been sought in the motion. That conclusion is in no way changed by the fact that one of Dr. Jacob's arguments in opposition to the enlargement was that ASP was going to use the enlargement not only to finish the ten depositions permitted by the rules but also to take three more.

■ I rule that the provisions of Rule 30(a)(2)(A), Fed.R.Civ.P., require that, in the absence of a stipulation, a party seeking to take more than ten depositions must *explicitly* seek and obtain leave of court before that party can commence any depositions in excess of the ten-deposition limit. I rule that the same is true with respect to Local Rule 26.1(C).[2] A motion to extend the time for taking depositions, without any prayer for relief from the ten-deposition limit, is manifestly insufficient.

Accordingly, it is ORDERED that Dr. Jacob's Emergency Motion, Etc. (# 84) be, and the same hereby is, ALLOWED to the extent that ASP is hereby PROHIBITED from taking the thirteenth deposition which it proposes to take.

■ That leaves the question of the eleventh and twelfth depositions which have already been taken. So far as appears, Dr. Jacob's counsel fully participated in those depositions. It makes little sense to prohibit their use. However, Dr. Jacob makes the point that he has conducted his discovery in reliance on the fact that he would be limited to ten depositions and ASP would also. It would be unfair to hold Dr. Jacob to that limit and allow ASP to exceed it without permission.

---

**2.** Unlike what is permitted by Rule 30(a)(2)(A), Fed.R.Civ.P., under Local Rule 26.1(C), the parties cannot grant themselves permission to take more than ten depositions per side by entering a stipulation. Rather, an order of a judicial officer must be sought and obtained.

Accordingly, as a remedy for ASP's violations, I shall give Dr. Jacob a choice. Dr. Jacob may either take two additional depositions, or, in the alternative, he may recover from counsel for ASP the reasonable costs, including attorney's fees, incurred in taking the eleventh and twelfth depositions. Dr. Jacob's counsel shall notify the Court in writing, copy to opposing counsel, of his choice *on or before the close of business on Wednesday, January 26, 2000.* If his choice is the former, he shall include in the notification the identity of the two persons he wishes to depose and a proposed date by which the depositions will be completed. If his choice is the latter, he shall include an affidavit or affidavits detailing the reasonable costs, including attorney's fees, incurred by him in participating in the eleventh and twelfth depositions.

Dr. Jacob shall also recover the reasonable costs, including attorney's fees, incurred in obtaining the within Order pursuant to Rules 26(c) and Rule 37(a)(4), Fed.R.Civ.P. In his submission to be filed by January 26th, he shall also include an affidavit or affidavits detailing the reasonable costs, including attorney's fees so incurred. ASP is granted leave to file a response/opposition to the amount and/or extent of the costs claimed *on or before the close of business on Wednesday, February 9, 2000.* Upon receipt, the Court shall issue a Final Order on Dr. Jacob's Emergency Motion.