JOHNSTONE, Justice.
Thomas Simon appeals from a default judgment entered against him in favor of Anthony Jackson and Carol Jackson on their claim for money damages. We affirm.
*1028 Simon originally sued the Jacksons to evict them from certain premises they were occupying. The Jacksons counter-sued Simon for money damages on two theories. One was that he fraudulently misrepresented his title to the same property in negotiating a contract with the Jacksons for their purchase of the property. The other theory was that Simon negligently or wantonly failed to obtain good title to convey to the Jacksons.
After the Jacksons vacated the property, Simon’s eviction claim was dismissed as moot. Simon has not appealed that dismissal.
After the dismissal of Simon’s eviction claim, only the claims in the Jacksons’ countersuit remained pending. In the context of the countersuit, Simon was, of course, the defendant, and the Jacksons were the plaintiffs. This obvious alignment is noteworthy simply to correlate the parties in this case with the parties in cases this opinion will cite as authority. Simon appeals only the judgment entered against him as counterclaim defendant.
On appeal, Simon argues that the default judgment against him should be reversed on two grounds: first, that the trial court erred in denying Simon’s motion to dismiss the Jacksons’ counterclaim, and, second, that the trial court erred in denying Simon’s motion to set aside the default judgment. Because procedural considerations require that the judgment of the trial court be affirmed, the operative facts are purely procedural.
Simon’s first response to the Jacksons’ counterclaim was a motion to dismiss grounded on the failure of the counterclaim “to state a claim upon which relief can be granted,” Rule 12(b)(6), Ala. R. Civ. P. In an interlocutory order the trial court denied this motion to dismiss.
Simon then filed his answer to the Jack-sons’ counterclaim. The answer merely joined issue on the merits of the Jacksons’ two counterclaim theories by denying the allegations and demanding strict proof of each. Simon’s answer did not include as a defense the failure of the Jacksons’ counterclaim to state a claim on which relief could be granted.
Simon then failed to appear at the trial. After moving for entry of a default judgment against Simon, the Jacksons, by oral testimony, proved their damages. The Jacksons also introduced some evidence on some of the other elements of their theories. Thereupon, on October 18, 2001, the trial court entered judgment for $107,600 in compensatory damages against Simon and in favor of the Jacksons on their counterclaim. While the ease action summary and the separate judgment document, see Rule 58(a)(2), Ala. R. Civ. P., do not characterize the judgment as a default judgment, the parties and the trial judge have invariably treated it as a default judgment.
On November 19, 2001, a Monday, Simon filed a postjudgment motion for judgment as a matter of law or, alternatively, to alter, to amend, or to vacate the judgment. The motion was not denominated as a motion to set aside a default judgment. Simon’s original postjudgment motion contained two grounds:
“That on information and belief, Counter-Defendant asserts that the evidence presented at trial is insufficient to support the judgment and Counter-Defendant is entitled to a judgment as a matter of law.
“Alternatively, Counter-Defendant asserts that the judgment is due to be vacated because he did not receive notice of the setting of the counterclaim for trial.”
The postjudgment motion did not assert that the counterclaim failed to state a *1029 claim upon which relief could be granted. Nor did the postjudgment motion originally assert in any way or words that Simon had a meritorious defense.
With his postjudgment motion, Simon submitted his own affidavit swearing that he had not, either before or since he had been representing himself, received notice of the trial setting and that he had telephoned the circuit clerk’s office “and inquired as to the status of the case on at least three (3) separate oecasions[, and] [e]ach time [he] was not informed that a trial date had been set.” On December 7, 2001 Simon submitted the affidavit of Charles R. Sorwell, an assistant attorney general representing the Alabama Real Estate Commission (not a party to this appeal) in the litigation in the trial court. Like Simon, Sorwell swore that he had not received notice of the trial setting. Only on January 31, 2002, 105 days after the date the default judgment was entered, did Simon supplement his postjudgment motion by filing a third affidavit, another sworn by him, purporting to show that he had a meritorious defense to the Jacksons’ counterclaim.
We will first address Simon’s contention that the trial judge erred in denying Simon’s Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss the Jacksons’ counterclaim. Because the Alabama Rules of Civil Procedure are derived from the corresponding federal rules, federal jurisprudence construing the rules is persuasive. City of Birmingham v. City of Fairfield, 396 So.2d 692 (Ala.1981).
“[U]nless it affirmatively appears, not from what is omitted to be alleged, but from what is actually alleged, that there is no valid claim or defense, a failure to sustain a motion to dismiss or to strike may not in and of itself be assigned as reversible error. To preserve the point the moving party can, and in general is required, upon the trial to renew and support his pleaded objections by objection to evidence, and by requesting rulings and instructions from the Court to the jury which he deems necessary to protect and preserve the point asserted by his motion to dismiss or to strike.”
Mims v. Central Mfrs. Mut. Ins. Co., 178 F.2d 56, 59 (5th Cir.1949) (emphasis added).
“The reinstatement order was functionally identical to a denial of a motion to dismiss, and this effective refusal to grant a 12(b)(6) dismissal was followed by a final judgement after a trial on the merits. After a trial on the merits, the sufficiency of the allegations in the complaint is irrelevant. A district court must deny a motion to dismiss under Rule 12(b)(6) unless the complaint fails to state any set of facts upon which relief could be granted. Conley v. Gibson, 355 U.S. 41, 45-47, 78 S.Ct. 99, 101-103, 2 L.Ed.2d 80 (1957). Rule 12(b)(6) measures the sufficiency of the plaintiffs allegations. When the plaintiff has prevailed after a full trial on the merits, a district court’s denial of a Rule 12(b)(6) dismissal becomes moot.”
Bennett v. Pippin, 74 F.3d 578, 585 (5th Cir.1996) (emphasis added). We do not construe City of Huntsville v. Certain, 453 So.2d 715, 720 (Ala.1984), to the contrary. Certain reads:
“The City moved for directed verdict on each individual ‘claim within the § 1983 claim,’ including the claim that the above regulations were an unconstitutional infringement upon Certain’s rights. This motion was denied, and all claims were submitted to the jury, which was instructed to return a general verdict on the § 1983 claim if it found for the plaintiff. This it did. We hold that the court erred in denying the City’s motion for directed verdict on the plain *1030 tiffs claim that the Huntsville Police Department’s regulations violated the federal Constitution.
“In view of our holding that these regulations are not unconstitutional infringements upon Certain’s rights guaranteed under the United States Constitution and federal law, it was also error to deny the City’s earlier motion to dismiss for failure to state a claim upon which relief could be granted. This error, however, would have been harmless had the trial court granted the City’s motion for directed verdict.”
453 So.2d at 720. (Emphasis added, except first emphasis in second paragraph.) In Certain the defendant, as the Mims court advises, preserved the ground of its Rule 12(b)(6) motion by reasserting the ground at trial. The particular vehicle for preserving the ground at trial was the defendant’s motion for a directed verdict. The pertinent cardinal holding of Certain is that the trial court erred in denying the defendant’s motion for a directed verdict. We consider the subsequent Certain language that “it was also error to deny the [defendant’s] earlier motion to dismiss for failure to state a claim upon which relief could be granted,” id., to be, if not dictum, at best an unnecessary afterthought not developed at all in the opinion. Therefore, in the case now before us, because judgment has been entered upon a trial on the merits, the pretrial interlocutory ruling itself on Simon’s motion to dismiss — that is, the denial of the motion — is moot. Mims and Bennett, supra.
We do observe that Simon, in his original postjudgment motion, moved for judgment as a matter of law on the ground “that the evidence presented at trial is insufficient to support the judgment.” Simon, however, did not argue the sufficiency of the evidence to the trial court and does not argue the sufficiency of the evidence to us. Therefore, this ground is waived. See Porter v. Colonial Life & Ace. Ins. Co., 828 So.2d 907 (Ala.2002); Ex parte Martin, 775 So.2d 202 (Ala.2000); and Norman v. Bozeman, 605 So.2d 1210 (Ala.1992).
We will next address Simon’s contention that the trial court erred in denying Simon’s motion to set aside the default judgment. The hornbook law on such motions is Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala.1988).
“The applicable standard of review in appeals stemming from a trial court’s granting or denying a motion to set aside a default judgment is whether the trial court’s decision constituted an abuse of discretion. Thus, the question sub judice is whether the trial court abused its discretion in denying [the defendant’s] motion to set aside the default judgment.”
Id. at 603 (citations omitted).
“[A] trial court’s broad discretionary authority under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.”
Kirtland, 524 So.2d at 605. The defaulting party bears the initial burden on two of these three factors: “we ... requir[e] the defaulting party to show 1) the existence of a meritorious defense and 2) an absence of willful conduct.” Id. “[W]hether the defendant has a meritorious defense,” id., is the dispositive factor in the case now before us.
We need not decide whether Simon’s January 31, 2002 affidavit meets the Kirt- *1031 land, 605-06, substantive criteria for showing a meritorious defense. The deadline for moving to set aside a default judgment is “thirty (30) days after the entry of the judgment.” Rule 55(c), Ala. R. Civ. P. Accord Kirtland, 524 So.2d at 604. While Simon filed his postjudgment motion in its original form just before the expiration of the deadline for filing a Rule 55(c) motion to set aside a default judgment, he did not even broach the subject of a meritorious defense until he filed this last affidavit 105 days after entry of the default judgment and 73 days after the deadline. (The deadline was extended two calendar days because the thirtieth calendar day after judgment was a Saturday. Rule 6, Ala. R. Civ. P.) While we question whether a post-judgment motion which does not even broach the subject of a meritorious defense before the expiration of the Rule 55(c) deadline can be deemed a timely Ride 55(c) motion at all, the length of Simon’s delay and the discretionary prerogative of the trial judge obviate our deciding this precise question.
At some point a party’s right to a trial on the merits yields to everybody’s right to prompt justice. We cannot hold that the trial judge in this case abused his discretion by disregarding a showing of a meritorious defense not filed until 73 days after the Rule 55(c) deadline. Because the defaulting party’s showing of a meritorious defense is one of the prerequisites to an order setting aside a default judgment, Kirtland, 524 So.2d at 605-06, we likewise cannot hold that the trial judge abused his discretion by denying Simon’s post-judgment motion.
AFFIRMED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, and HARWOOD, JJ., concur.
STUART, J., concurs in the result.
WOODALL, J., dissents.