**HARRY A., et al., Plaintiffs,**

v.

**Rick DUNCAN, et al., Defendants.**

**Powell County School District, et al., Third Party Plaintiffs,**

v.

**Benjamin Frankforter, et al., Third Party Defendants.**

**Mountain West Farm Bureau Mutual Insurance Company, Intervenor.**

**No. CV–03–13–H–DWM.**

United States District Court, D. Montana, Helena Division.

July 27, 2004.

---

Mark E. Jones, Alan F. Blakley, Missoula, MT, Michele L. Earl–Hubbard, Davis, Wright, Tremaine, Seattle, WA, for plaintiffs.

Lawrence F. Daly, Candace C. Fetscher, Garlington, Lohn & Robinson, Missoula, MT, for defendants.

### ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

OSTBY, United States Magistrate Judge.

On July 14, 2004, Chief Judge Molloy referred this matter to the undersigned Magistrate Judge for the limited purpose of ruling on (1) Plaintiffs' motion for a protective order and to disqualify Garlington, Lohn and Robinson, P.L.L.P., as defense counsel, and (2) Defendants' motion for a protective order. Oral argument on these motions was heard on July 22, 2004.[1] This order addresses only Defendants' motion for a protective order. An order addressing Plaintiffs' motion will follow shortly.[2]

### I. Defendants' Motion for Protective Order

On July 12, 2004, Defendants filed a motion for protective order to prohibit Plaintiffs from taking approximately 85 depositions, arguing that the "previously unannounced depositions, and the requests for production and subpoenas associated therewith, are untimely, lack sufficient notice, are unreasonable, unnecessary, overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and appear to be intended to be oppressive or create an undue burden or expense upon the defendant, or to force the Court to extend the current discovery cutoff date, or abandon the trial setting, or both." See Defs.' Motion at 2.

In their supporting brief, Defendants request an order "striking the Plaintiffs' request for additional discovery, except for the named Defendants and any of the Defendants' disclosed expert witnesses." See Defs.' Memorandum at 5. Defendants' request for relief is further defined in their reply brief, wherein they request (1) "that all outstanding subpoenas by Plaintiffs be quashed;" (2) "that Plaintiffs be limited to only the depositions listed on Exs. C & D to Supp. Aff. Daly, plus any experts previously disclosed by Defendants;"[3] (3) "that the pro

---

1. Although Plaintiffs' counsel had raised the question whether an automatic bankruptcy stay should preclude the hearing and consideration of these motions, both at a conference call with the Court on July 21, and at the time of the hearing on July 22, all counsel concurred that the Third Party Defendants' bankruptcy filing did not preclude consideration of these pending motions.

2. Because Defendants requested an expedited ruling on these motions, the Court orally advised the parties of its rulings on these motions at a telephonic conference with counsel on this date.

3. It appears to the Court that Defendants intended to reference Exhibits D & E, rather than Exhibits C & D.

hac vice appointments of four Davis Wright Tremaine attorneys be revoked;" (4) "that all pleadings prepared by Davis Wright Tremaine be ordered stricken from the record;" and (5) that "the Court impose whatever sanctions or other relief is deemed appropriate." *See Defs.' Reply Brief at 11–12.*

With respect to the relief sought in items (3) and (4) above, the undersigned concludes that, having been raised for the first time in a reply brief filed after the order of referral and not being a necessary part of the two referred motions, any request for such relief is not properly before the Court, is not part of the referral and must be addressed to Chief Judge Molloy.[4]

## II. *Background*

Plaintiffs filed this action on March 17, 2003. Pursuant to Fed.R.Civ.P. 16, Chief Judge Molloy conducted a preliminary pretrial conference on July 29, 2003, nearly one year ago. In his ensuing scheduling order, he established a discovery deadline of August 6, 2004. The order provided: "**Continuance of the above deadlines will not be granted, absent compelling reasons.**" Accordingly, absent an extension of this deadline by Chief Judge Molloy or agreement of counsel, all discovery must be accomplished on or before August 6, 2004. The parties have been aware of this deadline since July 29, 2003.

Plaintiffs took only two depositions in 2003. They took only three depositions before June 2, 2004. On July 7, however, they filed approximately 45 deposition notices, with the depositions scheduled between July 20 and July 30. Two, three, and sometimes four depositions were noticed for the same time slot. The first depositions on each day were scheduled to begin at 9:00 a.m., and the last depositions were scheduled to begin at 5:30 p.m. On July 9, 2004, Plaintiffs filed an additional 40 deposition notices. These depositions were scheduled to be taken between July 26 and August 2. Again, several depositions were noticed for the same time slots. As many as eleven depositions were sched-

uled in a day, the first beginning at 9:00 a.m., and the last beginning at 5:30 p.m.. For example, Plaintiffs scheduled eleven depositions for July 26, 2004, in addition to the seven depositions the Defendants had previously set for that day.

## III. *Analysis*

■ Defendants seek relief under Fed. R.Civ.P. 26(c) which provides that the court may make any order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the ... discovery not be had; (2) that the ... discovery may be had only on specified terms or conditions ...." The Ninth Circuit has stated that " '[b]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.' " *Goehring v. Brophy,* 94 F.3d 1294, 1305 (9th Cir. 1996) (quoting *Sablan v. Dept. of Fin.,* 856 F.2d 1317, 1321 (9th Cir.1988)).

■ Plaintiffs' many deposition notices are problematic for several reasons. First, Fed. R.Civ.P. 30(a)(2)(A) provides that a party must obtain leave of court if, without the written stipulation of the parties, the proposed deposition(s) would result in more than ten depositions being taken by a party. Although the rule states that a party seeking to take more than ten depositions *must* obtain leave of court absent stipulation, Plaintiffs here have neither obtained a written stipulation nor obtained the required leave of court. *See Melhorn v. New Jersey Transit Rail Operations,* 203 F.R.D. 176 (E.D.Pa.2001); *Advanced Sterilization Prods. v. Jacob,* 190 F.R.D. 284 (D.C.Mass.2000).

Second, Rule 30(b)(1) states that a party desiring to take a deposition shall give reasonable notice to the other parties. It is difficult to conceive how a party can adequately prepare for 85 depositions within two

---

4. The Court does note that Plaintiffs' counsel acknowledged at the hearing that Daniel W. Berger, a Davis Wright lawyer *not* admitted *pro hac vice,* has participated as counsel for the Plaintiffs herein, including the preparation of filed documents. This does appear to violate Chief Judge Molloy's Orders dated May 18, 2004, and June 28, 2004.

weeks.[5] This is particularly true where the parties are in the midst of preparing for expert depositions, briefing other pending motions and otherwise anticipating the close of discovery and the upcoming motions deadline. *See generally Mims v. Central Mfrs. Mut. Ins. Co.*, 178 F.2d 56 (5th Cir.1949) (holding that defendant's notice of its intention to take 15 depositions on one day in various cities was not reasonable).

Plaintiffs assert that the primary reason the depositions were not noticed previously is that Defendants did not provide information necessary to allow Plaintiffs to identify most of the deponents or provide key evidence necessary to depose them. With respect to the identity of the witnesses, however, Plaintiffs' counsel acknowledged at the hearing that they had prior access to means of identifying both the students and teachers at Powell County High School, such as through the use of their clients' yearbooks. With respect to the needed evidentiary material, if an opposing party is not forthcoming in discovery responses, the remedy is to file a timely motion to compel, not to wait until the last minute to do scores of depositions and then to place blame on the other party for the lack of timeliness issues. Mr. Blakely's Declaration dated July 19, 2004, states that Plaintiffs sought the Silk Report in discovery as early as August 20, 2003. He does not explain why Plaintiffs waited until now to address problems raised by the alleged refusal of Defendants to comply with this discovery request.

Third, Rule 30(d)(2) limits a deposition to "one day of seven hours." An advisory committee note to the rule states that this provision was added "to dispel any doubts regarding the power of the court to ... establish limits on the length of depositions." Although it speaks in terms of the time limit for one deposition, the limit of a seven-hour deposition day is instructive. Here, Plaintiffs have, for nine days between July 20 and July 30, scheduled multiple depositions to begin at 9:00 a.m., 11:00 a.m.. 1:30 p.m., 3:30 p.m., and 5:30 p.m. If the depositions average two hours in length,[6] this is a ten-hour day for counsel, not including time spent meeting with clients and witnesses and otherwise preparing for the depositions. One such day may not be unreasonable; many such days clearly are unreasonable.

For the foregoing reasons, the Court concludes that the discovery sought is unduly burdensome and oppressive and that Defendants are entitled to relief. Despite the 10–deposition limit in the rules, however, Defendants agreed to an additional 22 depositions, some of which have already been taken. In addition, Plaintiffs indicated that several proposed deponents had not been served and would not be appearing for their deposition.[7] Also, Plaintiffs agreed to delete their requests to depose Levi Wood and Evan Denty.

Based on the further clarification of the current status of deposition-taking provided by the parties at the telephonic conference conducted on the record on this date, the Court will order that all counsel cooperate in arranging for and attending depositions of the following persons prior to the discovery deadline herein: Ruth Livingston, Patricia Rausch, Jim Ladd, Marlene Swant, Rick Duncan, Joe Brott, Isaak Brott, Lucas Brott, Josh Garrison, Debra Silk, Catherine Mullins, Robert Ingwerson, Mark Chapin, and Bob Schott. All other deposition notices filed by Plaintiffs will be quashed.[8]

---

**5.** The Affidavit of Larry Daly filed July 12, 2004, states, and Plaintiffs' counsel basically do not deny, that defense counsel had repeatedly over the course of the last six months, asked Plaintiffs' counsel to identify whom they wished to depose so that the depositions could be arranged. *See Daly Aff. at 2.* No response was forthcoming until after four *pro hac vice* lawyers were admitted and the 85 deposition notices were filed.

**6.** Counsel represented during oral argument that some of the depositions are quite brief and others last as long as six hours.

**7.** These include Jason Harrington, Tyson Roesler, San Sorenson, and Andy Wangerin.

**8.** The Court notes that the parties have agreed to a deposition schedule for expert witnesses. Neither party has sought judicial relief with respect to expert witness depositions and they are not included within the scope of this Order.

Discovery in a case of this size and complexity necessarily requires cooperation among counsel. It is neither possible nor desirable for a court to micro-manage a complex deposition schedule, particularly a schedule arising from more than 80 deposition notices filed just prior to the close of discovery. The Court notes that, although problems have arisen requiring intervention by the Court, it appear that all counsel have been attempting to cooperate to accomplish necessary discovery. Plaintiffs indicated at the hearing that the most important of the witnesses whose deposition notices are quashed in this Order are Dan Peters, Travis Crismore, Dan Crismore, and Cindy Crismore. If Plaintiffs can arrange for these deponents to attend depositions at a time and place defense counsel can reasonably accommodate prior to the discovery deadline, the Court requests defense counsel to continue in their efforts to cooperate to accomplish discovery. To be clear, however, the notices previously filed for these deponents are quashed, and defense counsel are not required to agree that such depositions be arranged prior to the close of discovery.[9]

Additionally, Defendants argue that the requests to produce records served with the deposition notices are unduly broad. They attach to their brief two examples of Exhibit "A" which they assert were attached to all, or nearly all, of the disputed deposition notices. *See Exhibits "C" and "D" to Defendants' Motion for Protective Order or Other Appropriate Relief (respectively, Notice of Videotaped Deposition of Rick Duncan with attached Exhibit "A," and Subpoena to Patricia Anderson with attached Exhibit "A").* The two "Exhibit A's" appear to be identical except the former includes items numbered 12 through 15 that the latter does not. The Court has reviewed the filed deposition notices and notes that, although the notices state that the deponents "are instructed to bring those documents listed in Exhibit 'A'," no Exhibit "A" is attached to many of the filed notices. *See, e.g., Notice of Videotaped Deposition of Catherine Mullins filed July 9, 2004.*[10]

In their briefs, Plaintiffs do not respond substantively to these objections to Exhibit "A," but seem to acknowledge that their requests for documents are indeed overly broad. *See Declaration of Wright Noel dated July 19, 2004, at page 2, ¶ 4 (stating "I did note in response to Mr. Daly's request that some of the document requests were rather broad....").* After review of the Exhibits "A" and assuming (based on Defendants' assertion and Plaintiffs' lack of response) that a similar Exhibit "A" was served with all deposition notices, the Court agrees that portions of the requests are overly broad. The deponents will not be required to produce documents responsive to the following item numbers:

(1) Any and all documents related to Powell County High School or your education;

(2) Any and all documents pertaining to your current employment;

(10) Any email or other correspondence to or from any current or former Powell County High School student, teacher, staff member or administrator;

(14) All copies of Powell County High School yearbooks from 1999 to the present;

(15) Any and all records regarding sports or events in which you or any member of your family have participated at any time from 1999–2003.

Additionally, the deponents will not be required to produce documents responsive to other requested items if such items are protected by the attorney-client privilege or other applicable privilege.

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion for Protective Order and Request for Expedited Relief (Court's Doc. No. 292) is GRANTED IN PART and DENIED IN PART as set forth herein. Plaintiffs

---

**9.** Even as late as the phone conference on this date, Plaintiffs' counsel was unable to state specifically when and where these four depositions could be taken.

**10.** *See also Deposition Notices for Lucas Brott, Isaac Brott, Robert Ingwerson, Bob Schalk, and others.* Plaintiffs' counsel are admonished to be certain that the filed documents are complete.

shall be allowed to use the depositions already taken insofar as such use is otherwise permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Plaintiffs shall be permitted to take the depositions of those persons specifically identified above. All other deposition notices are hereby quashed. In addition, the requests to deponents to produce documents shall be limited as set forth herein.

The Clerk is directed to notify the parties of the filing of this Order by mail and by fax to Plaintiffs' counsel Alan F. Blakley and Defendants' counsel Larry F. Daly.